# EXHIBIT 2

STATE OF CALIFORNIA
BUSINESS, TRANSPORTATION AND HOUSING AGENCY

EDMUND G. BROWN JR., Governor
BRIAN P. KELLY, Acting Secretary

**DEPARTMENT OF FINANCIAL INSTITUTIONS**

TEVEIA R. BARNES, Commissioner of Financial Institutions
www.dfi.ca.gov



May 30, 2013




**RETURN RECEIPT REQUESTED**

BitCoin Foundation
71 Columbia Street, Suite 300
Seattle, WA 98104

Re: Warning Concerning Unlawful Conduct of Money Transmission Business

Dear Sir/Madam:

It has come to the attention of the Commissioner that BitCoin Foundation may be engaged in the business of money transmission without having obtained the license or proper authorization required by the California Financial Code.

YOU ARE HEREBY WARNED TO CEASE AND DESIST FROM CONDUCTING THE BUSINESS OF MONEY TRANSMISSION IN THIS STATE. FAILURE TO DO SO WILL RESULT IN APPROPRIATE ACTION BEING TAKEN.

Subject to certain exceptions, Financial Code § 2030 provides that no person shall engage in the business of money transmission in California without first obtaining a license from the Commissioner of Financial Institutions.

Any person who violates Financial Code § 2030 is subject to civil money penalties of $1,000 for each violation or $1,000 per day under Financial Code § 2151 and/or criminal prosecution under Financial Code § 2152. Conviction under Financial Code § 2152 could result in a fine and/or imprisonment. The California Attorney General may also institute suit pursuant to Business and Professions Code §§ 17200, 17205 and 17206, which can result in imposition of penalties of up to $2,500 per violation of statutory law (that is, per day or per transaction).

In addition, under § 1960 of Title 18 of the U.S. Code, it is a felony violation of federal law to own, control, or conduct the business of money transmission which is operated without the appropriate State license, or which fails to register with the U.S. Treasury Department, or which transmits funds known to have been derived from criminal activity or intended to be used to promote or support unlawful activity. Violations of § 1960 are punishable by up to 5 years in prison and a $250,000 fine. Additionally, this activity conducted without a license is a felony under California law, pursuant to Financial Code § 2152(b).

Finally, under § 5330 of Title 31 of the U.S. Code, and regulations thereunder, any person who owns or controls a money transmission business, that is, a business which provides check cashing, currency exchange, or money transmitting or remittance services, or issues or redeems money orders, travelers' checks, and other similar instruments or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system, must register the business with the U.S. Treasury Department. Failure to do so can result in substantial fines.

Copies of the foregoing Financial Code sections, as well as other relevant sections of the Financial Code, are enclosed for your convenient reference.

Please advise us in writing within twenty (20) days of the date of this letter as to what steps you have taken to comply with this order. For more details on applying for a money transmission business license in California, please visit our website at http://www.dfi.ca.gov.

Nothing in this letter is intended to affect any legal remedies, criminal or civil, which the State of California or the Commissioner might pursue for past or future violation of these laws.

Sincerely,

PAUL T. CRAYTON
Senior Counsel

PTC:lca
Enclosures
cc: Robert Venchiarutti, Deputy Commissioner, DFI, San Francisco

2151. (a) If the commissioner finds that any of the factors set forth in Section 2150 is true with respect to any agent and that it is necessary for the protection of the public interest, the commissioner may issue an order immediately suspending or barring that agent from continuing to be or becoming an agent of any licensee during the period for which that order is in effect.

(b) Within 30 days after an order is issued pursuant to subdivision (a), the licensee or the agent or former agent with respect to whom the order was issued may file with the commissioner an application for a hearing on the order.

(c) If the commissioner fails to commence a hearing within 20 business days after the application is filed with the commissioner pursuant to subdivision (b) or within a longer period of time agreed to by the parties, the suspension or revocation shall be deemed rescinded.

(d) Within 30 days after the hearing, the commissioner shall affirm, modify, or rescind the order.

(e) The right of the licensee or agent or former agent to petition for judicial review of the order shall not be affected by the failure of that person to apply to the commissioner for a hearing on the order pursuant to subdivision (b).

2152. (a) A person that intentionally makes a false statement, misrepresentation, or false certification in a record filed or required to be maintained under this division or that intentionally makes a false entry or omits a material entry in such a record is guilty of a felony.

(b) A person that knowingly engages in an activity for which a license is required under this division without being licensed or exempt from licensure under this division is guilty of a felony.

(c) Nothing in this division limits the power of the state to punish any person for any act that constitutes a crime under any statute.

17200. As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

2030. (a) A person shall not engage in the business of money transmission in this state, or advertise, solicit, or hold itself out as providing money transmission in this state, unless the person is licensed or exempt from licensure under this division or is an agent of a person licensed or exempt from licensure under this division.

(b) A license under this division is not transferable or assignable.

General or a district attorney or by a county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or by a city attorney of a city having a population in excess of 750,000, or by a city attorney in a city and county or, with the consent of the district attorney, by a city prosecutor in a city having a full-time city prosecutor in the name of the people of the State of California upon their own complaint or upon the complaint of a board, officer, person, corporation, or association, or by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.

17205. Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state.

17206. Civil Penalty for Violation of Chapter

(a) Any person who engages, has engaged, or proposes to engage in unfair competition shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the Attorney General, by any district attorney, by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, by any city attorney of a city having a population in excess of 750,000, by any city attorney of any city and county, or, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor, in any court of competent jurisdiction.

(b) The court shall impose a civil penalty for each violation of this chapter. In assessing the amount of the civil penalty, the court shall consider any one or more of the relevant circumstances presented by any of the parties to the case, including, but not limited to, the following: the nature and seriousness of the misconduct, the number of violations, the persistence of the misconduct, the length of time over which the misconduct occurred, the willfulness of the defendant's misconduct, and the defendant's assets, liabilities, and net worth.

(c) If the action is brought by the Attorney General, one-half of the penalty collected shall be paid to the treasurer of the county in which the judgment was entered, and one-half to the General Fund. If the action is brought by a district attorney or county counsel, the penalty collected shall be paid to the treasurer of the county in which the judgment was entered. Except as provided in subdivision (e), if the action is brought by a city attorney or city prosecutor, one-half of the penalty collected shall be paid to the treasurer of the city in which the judgment was entered, and one-half to the treasurer of the county in which the judgment was entered. The aforementioned funds shall be for the exclusive use by the Attorney General, the district attorney, the county counsel, and the city attorney for the enforcement of consumer protection laws.

(d) The Unfair Competition Law Fund is hereby created as a special account within the General Fund in the State Treasury. The portion of penalties that is payable to the General Fund or to the Treasurer recovered by the Attorney General from an action or settlement of a claim made by the Attorney General pursuant to this chapter or

Chapter 1 (commencing with Section 17500) of Part 3 shall be deposited into this fund. Moneys in this fund, upon appropriation by the Legislature, shall be used by the Attorney General to support investigations and prosecutions of California's consumer protection laws, including implementation of judgments obtained from such prosecutions or investigations and other activities which are in furtherance of this chapter or Chapter 1 (commencing with Section 17500) of Part 3. Notwithstanding Section 13340 of the Government Code, any civil penalties deposited in the fund pursuant to the National Mortgage Settlement, as provided in Section 12531 of the Government Code, are continuously appropriated to the Department of Justice for the purpose of offsetting General Fund costs incurred by the Department of Justice.

(e) If the action is brought at the request of a board within the Department of Consumer Affairs or a local consumer affairs agency, the court shall determine the reasonable expenses incurred by the board or local agency in the investigation and prosecution of the action.

Before any penalty collected is paid out pursuant to subdivision (c), the amount of any reasonable expenses incurred by the board shall be paid to the Treasurer for deposit in the special fund of the board described in Section 205. If the board has no such special fund, the moneys shall be paid to the Treasurer. The amount of any reasonable expenses incurred by a local consumer affairs agency shall be paid to the general fund of the municipality or county that funds the local agency.

(f) If the action is brought by a city attorney of a city and county, the entire amount of the penalty collected shall be paid to the treasurer of the city and county in which the judgment was entered for the exclusive use by the city attorney for the enforcement of consumer protection laws. However, if the action is brought by a city attorney of a city and county for the purposes of civil enforcement pursuant to Section 17980 of the Health and Safety Code or Article 3 (commencing with Section 11570) of Chapter 10 of Division 10 of the Health and Safety Code, either the penalty collected shall be paid entirely to the treasurer of the city and county in which the judgment was entered or, upon the request of the city attorney, the court may order that up to one-half of the penalty, under court supervision and approval, be paid for the purpose of restoring, maintaining, or enhancing the premises that were the subject of the action, and that the balance of the penalty be paid to the treasurer of the city and county.

17206.1. (a) (1) In addition to any liability for a civil penalty pursuant to Section 17206, a person who violates this chapter, and the act or acts of unfair competition are perpetrated against one or more senior citizens or disabled persons, may be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which may be assessed and recovered in a civil action as prescribed in Section 17206.

(2) Subject to subdivision (d), any civil penalty shall be paid as prescribed by subdivisions (b) and (c) of Section 17206.

(b) As used in this section, the following terms have the following meanings:

(1) "Senior citizen" means a person who is 65 years of age or older.

(2) "Disabled person" means a person who has a physical or mental impairment that substantially limits one or more major life

Search Cornell

Search all of LII... Go

ABOUT LII / GET THE LAW / FIND A LAWYER / LEGAL ENCYCLOPEDIA / HELP OUT

Follow 8,770 followers Like 10k



# 31 USC § 5330 - Registration of money transmitting businesses

USC-prelim US Code Notes Updates Authorities (CFR)

USCPrelim is a preliminary release and may be subject to further revision before it is released again as a final version.

Current through Pub. L. 112-283. (See Public Laws for the current Congress.)

(a) Registration With Secretary of the Treasury Required.—

(1) In general.— Any person who owns or controls a money transmitting business shall register the business (whether or not the business is licensed as a money transmitting business in any State) with the Secretary of the Treasury not later than the end of the 180-day period beginning on the later of—

(A)the date of enactment of the Money Laundering Suppression Act of 1994; or

(B)the date on which the business is established.

(2) Form and manner of registration.— Subject to the requirements of subsection (b), the Secretary of the Treasury shall prescribe, by regulation, the form and manner for registering a money transmitting business pursuant to paragraph (1).

(3) Businesses remain subject to state law.— This section shall not be construed as superseding any requirement of State law relating to money transmitting businesses operating in such State.

(4) False and incomplete information.— The filing of false or materially incomplete information in connection with the registration of a money transmitting business shall be considered as a failure to comply with the requirements of this subchapter.

(b) Contents of Registration.— The registration of a money transmitting business under subsection (a) shall include the following information:

(1)The name and location of the business.

(2)The name and address of each person who—

(A)owns or controls the business;

(B)is a director or officer of the business; or

(C)otherwise participates in the conduct of the affairs of the business.

(3)The name and address of any depository institution at which the business maintains a transaction account (as defined in section 19(b)(1)(C) of the Federal Reserve Act).

(4)An estimate of the volume of business in the coming year (which shall be reported annually to the Secretary).

(5)Such other information as the Secretary of the Treasury may require.

(c) Agents of Money Transmitting Businesses.—

U.S. CODE TOOLBOX

SEARCH US CODE: Go

Law about... Articles from Wex

Download the PDF (3 pgs)
Title 31 USC. RSS Feed
Table of Popular Names
Parallel Table of Authorities

Share More

Donations cover only 20% of our costs




LAW ABOUT... ARTICLES FROM WEX

- Dodd-Frank: Title IV - Regulation of Advisers to Hedge Funds and Others
- Securities Act of 1933
- BCRA

FIND A LAWYER

Lawyers near San Francisco, California
Lawyers: get listed for free!
All lawyers

GET INVOLVED

LII Announce Blog
LII Supreme Court Bulletin

MAKE A DONATION
CONTRIBUTE CONTENT

Search Cornell

Search all of LII... Go

ABOUT LII / GET THE LAW / FIND A LAWYER / LEGAL ENCYCLOPEDIA / HELP OUT

Follow < 8,770 followers Like 10k



# 18 USC § 1960 - Prohibition of unlicensed money transmitting businesses

USC-prelim US Code Notes Updates

USC *Prelim* is a preliminary release and may be subject to further revision before it is released again as a final version.

Current through Pub. L. 112-283. (See Public Laws for the current Congress.)

(a)Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.

(b)As used in this section—

(1)the term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and—

(A)is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable;

(B)fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section; or

(C)otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity;

(2)the term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier; and

(3)the term "State" means any State of the United States, the District of Columbia, the Northern Mariana Islands, and any commonwealth, territory, or possession of the United States.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

U.S. CODE TOOLBOX

SEARCH US CODE: Go

Wex. Criminal Law: Overview

Download the PDF (1 pgs)
Title 18 USC, RSS Feed
Table of Popular Names
Parallel Table of Authorities

Share Share 0 More

Donations cover only 20% of our costs




LAW ABOUT... ARTICLES FROM WEX

- Accounts payable
- Ab Intestato
- Investor Protection Guide: Promissory Note Scam
- Investor Protection Guide: Promissory Note Scam
- Securities Act of 1933

FIND A LAWYER

All lawyers

GET INVOLVED

LII Announce Blog

LII Supreme Court Bulletin

MAKE A DONATION
CONTRIBUTE CONTENT
BECOME A SPONSOR
GIVE FEEDBACK

(1) Maintenance of lists of agents of money transmitting businesses.— Pursuant to regulations which the Secretary of the Treasury shall prescribe, each money transmitting business shall—

(A)maintain a list containing the names and addresses of all persons authorized to act as an agent for such business in connection with activities described in subsection (d)(1)(A) and such other information about such agents as the Secretary may require; and

(B)make the list and other information available on request to any appropriate law enforcement agency.

(2) Treatment of agent as money transmitting business.— The Secretary of the Treasury shall prescribe regulations establishing, on the basis of such criteria as the Secretary determines to be appropriate, a threshold point for treating an agent of a money transmitting business as a money transmitting business for purposes of this section.

(d) Definitions.— For purposes of this section, the following definitions shall apply:

(1) Money transmitting business.— The term "money transmitting business" means any business other than the United States Postal Service which—

(A)provides check cashing, currency exchange, or money transmitting or remittance services, or issues or redeems money orders, travelers' checks, and other similar instruments or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system; [1]

(B)is required to file reports under section 5313; and

(C)is not a depository institution (as defined in section 5313(g)).

(2) Money transmitting service.— The term "money transmitting service" includes accepting currency or funds denominated in the currency of any country and transmitting the currency or funds, or the value of the currency or funds, by any means through a financial agency or institution, a Federal reserve bank or other facility of the Board of Governors of the Federal Reserve System, or an electronic funds transfer network.

(e) Civil Penalty for Failure To Comply With Registration Requirements.—

(1) In general.— Any person who fails to comply with any requirement of this section or any regulation prescribed under this section shall be liable to the United States for a civil penalty of $5,000 for each such violation.

(2) Continuing violation.— Each day a violation described in paragraph (1) continues shall constitute a separate violation for purposes of such paragraph.

(3) Assessments.— Any penalty imposed under this subsection shall be assessed and collected by the Secretary of the Treasury in the manner provided in section 5321 and any such assessment shall be subject to the provisions of such section.

---

[1] So in original.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

BECOME A SPONSOR

Google
CALIFORNIA LET YOUR BUSINESS ONLINE
Websites are now free for California businesses.
GET YOUR FREE WEBSITE

Get Loan on Retirement
lumpsum-pensionloans.com
Convert your retirement into Cash, Find out how much you can get Now!
AdChoices