Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| COINLAB, INC., a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>Mt. GOX KK, a Japanese corporation, and TIBANNE KK, a Japanese corporation.<br><br>Defendants. | NO. 2:13-cv-777-MJP<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to the Court's June 3, 2013, Order (Dkt#7) Plaintiff, by and through its attorneys of record, and Defendants, by and through their attorneys of record, submit the following joint status report

1. <u>Statement of Nature and Complexity of Case</u>.

   a. <u>Plaintiff's Statement.</u>

This case is a simple breach of contract case which is complicated by the fact that the Agreement relates to the bitcoins industry, an emerging business operating in an uncertain regulatory environment.

In November 2012, the parties entered into an agreement whereby Defendants granted CoinLab, Inc. ("CoinLab") an exclusive North American license to their technology and services related to the market for bitcoins. Pursuant to the Agreement, MtGox was obligated, *inter alia*, to provide access to liquidity in the bitcoin market, access to software and data,

1  account reconciliation, transference of all North American customers to CoinLab, and to
2  provide CoinLab a revenue share on North American transactions.  CoinLab, for its part,
3  brought access and credibility in the North American marketplace and agreed not to develop
4  competitive products and exclusively use MtGox technology and liquidity.  The Agreement
5  between the parties was heralded in the bitcoin industry as a strategic partnership between
6  MtGox, as the owners of the world's largest bitcoin exchange, and CoinLab, the world's first
7  US Venture-backed bitcoin Company.

8      Initially, MtGox complied with the terms and conditions of the agreement.  According
9  to the Answer and Counter-Claims, however, MtGox subsequently determined that the contract
10 was an illegal contract that was *void ab initio* and unilaterally breached the terms of the
11 Agreement.  CoinLab acknowledges that bitcoins are an emerging technology that exists in an
12 uncertain regulatory environment, but disputes that the contract was for illegal services or that
13 it failed to comply with applicable regulatory requirements.

14     b.  <u>Defendants' Statement</u>

15     Defendants MtGoxKK and Tibanne KK are located in Japan. Since 2011 MtGox has hosted
16 and operated a website which allows MtGox account holders (that is, customers) worldwide to
17 purchase and sell bitcoin over the Internet with other MtGox account holders.  In order to
18 effectuate such transactions the MtGox account holders deposit currency funds into their
19 account which funds have been held by MtGox in one or more bank accounts.  In November
20 2012 MtGox, Tibanne and  plaintiff CoinLab entered into a license agreement ("the
21 Agreement") -- under that Agreement CoinLab was granted a license to use the MtGox
22 technology and was to use it to provide, manage and market the bitcoin exchange services in
23 the United States and Canada, that is, to customers who were citizens of the US and/or Canada.
24 Under the Agreement by the end of a "Transition Period" MtGox was to, among other things,
25 transfer all of the currency funds and bitcoin that it was holding for such US and Canadian
26 customers to accounts in the US controlled by CoinLab.
27

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
(NO. 2:13-CV-777-MJP)

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

In Defendants' view, the key and controlling issue on the complaint is whether the Agreement is unenforceable and/or void because CoinLab was not legally capable of performing the services called for under the Agreement; and that such issue should be resolved as soon as possible in order to expedite this case. One of the key terms of the Agreement was that CoinLab agreed that it would be compliant will all laws and regulations applicable to the business it was to conduct under the Agreement. Such compliance required CoinLab to be registered as a "money transmitter business" with the U.S Department of the Treasury and to be licensed as a "money transmission business" with each of the states in which customers were located. As of the end of the "Transition Period" CoinLab was not so registered or licensed. Because CoinLab was not so registered and licensed it would have been unlawful for it to conduct the bitcoin exchange services called for under the Agreement. As a result, Defendants ceased performance under the Agreement, refused to transfer the customer funds and bitcoin, and have rescinded the Agreement.

As set forth more fully in their answer to the CoinLab complaint Defendants have raised several defenses to the CoinLab complaint, several of which are based on the contention that the Agreement is not enforceable and is void *ab initio* by virtue of the illegality referred to above. In addition, Defendants have also filed a counterclaim asserting two categories of claims -- (i) claims for declaratory relief and restitution arising from voidness and/or rescission of the Agreement; and, (ii) separate and apart from the Agreement, for damages and other monetary relief based on CoinLab's tortious conversion and misappropriation of approximately $5.2 Million in customer funds that CoinLab has refused to return to MtGox.

In Defendants' view, issues that add to the complexity of this case include the fact that discovery will be taken outside of the United States, the need to review and understand fairly complex records regarding bitcoin exchange transactions, there may be need for document translations, the fact that several attorney client privilege issues will likely arise due to the fact that at least one witness acts as counsel for the parties, and the fact that Plaintiff's counsel has

stated he intends to file an amended or supplemental complaint (which Defendants' counsel have not yet seen).

    2. <u>Proposed Deadline for Joining Additional Parties:</u> February 1, 2014.

    3. <u>Use of Magistrate:</u>  The parties do not consent to the use of a Magistrate Judge.

    4. <u>Proposed Discovery Plan.</u>

        A. <u>Fed. R. Civ. P. 26(f) Conference and Initial Disclosures:</u>  The parties conducted the Fed. R. Civ. P. 26(f) conference on September 25, 2013 and exchanged Initial Disclosures on October 3, 2013.  Defendants contend that Plaintiff's disclosures regarding damages and their computation are not adequate and the parties are meeting and conferring.

        B. <u>Subjects, Timing, and Potential Phasing of Discovery</u>:  The parties have not agreed on all subjects of discovery.  At this point they do agree that the subjects of discovery may include the facts, event and communications leading up to the signing of the November 22, 2012 Agreement, the facts, events and communications surrounding the implementation and performance (including the ability to perform and/or failure to perform) of the Agreement, facts relating to the issue of whether the Agreement could be legally performed by CoinLab, the communications between the parties and their representatives, and banking, accounting and customer records relevant to the issues raised in the pleadings. Each party reserves the right to object to discovery requests on the grounds, among others, that discovery requests are outside the scope of discovery.

        Defendants are located in Japan.  In order to address the potential procedural hurdles in taking depositions in Japan the parties have agreed to conduct depositions of Defendants' in one of two ways -- (i) in Japan with Defendants agreeing to waive any procedural requirements imposed as a result of Japanese law; or, (ii) in Taiwan or other location as mutually agreed upon by the parties.

        Defendants maintain that the primary and controlling issue in this case is whether CoinLab was legally able to engage in the services called for under the Agreement in light CoinLab's failure to be registered or licensed as a money transmission business and that

discovery should be phased to be initially limited to this issue. Plaintiff asserts that phased discovery is inefficient and unnecessary and will delay adjudication of this case.

      C.      <u>Electronically Stored Information (ESI)</u>: The parties are still discussing the type, scope and terms of an agreement to be executed relating to ESI.

      D.      <u>Privilege Issues</u>: The parties anticipate potential complications due to the application of the attorney-client privilege arising from the fact that one or more potential witnesses are counsel to one or more of the parties. In addition, the parties are negotiating a "claw-back" agreement.

      E.      <u>Proposed Limitations on Discovery</u>: The parties do not anticipate any limitations on discovery outside the scope of the civil rules.

      F.      <u>The Need for Discovery Related Orders</u>: The parties are negotiating a confidentiality protective order and a "claw-back" protective order. This is in addition to any potential discovery motions.

5. <u>Views, Proposals, and Agreements on all Items Set Forth in Local Civil Rule 26(f)(1)</u>:

      A.      <u>Prompt Case Resolution</u>: The parties have explored scenarios for settlement of the case informally and do not anticipate the need for court intervention at this time. The parties have reserved the right to seek injunctive or other expedited relief.

      B.      <u>Alternative Dispute Resolution</u>: The parties agree that mediation after completion of discovery may be successful.

      C.      <u>Related Cases</u>: None

      D.      <u>Discovery Management</u>: At this time the parties do not anticipate any need for management of discovery outside the scope of the civil rules.

      E.      <u>Anticipated Discovery Sought:</u> Each of the parties currently intend to serve written discovery in the form of interrogatories, requests for admission and requests for production; currently intend to take multiple depositions; and, currently intend to take third party discovery as provided for under the Fed. R. Civ. P. . As set forth above, the parties have agreed to conduct depositions of Defendants' and their representatives in one of two ways: (i)

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
(NO. 2:13-CV-777-MJP)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

1  in Japan with Defendants agreeing to waive any procedural requirements imposed as a result of
2  Japanese law; or, (ii) in Taiwan or other mutually agreed upon location.  <u>The parties do not
3  currently anticipate needing to take depositions in excess of the number permitted by the
4  applicable rules.  If the parties later determine that additional depositions are necessary, they
5  will seek leave from the Court.</u>

6       F.    <u>Phasing Motions</u>: Plaintiff does not believe that phasing of motions is
7  appropriate in this case.  Defendants believe that the primary and controlling issue in this case
8  is whether the Agreement is unenforceable and/or void on the grounds that CoinLab was not
9  legally able to engage in the services called for under the Agreement in light CoinLab's failure
10 to be registered or licensed as a money transmission business; and, that this issue should be
11 resolved as soon as possible through a motion for summary judgment or summary adjudication.

12      G.    <u>Preservation of Discoverable Information</u>: The parties have instituted litigation
13 holds on discoverable information and electronic data.

14      H.    <u>Privilege Issues</u>: See ¶ 4.D, supra.

15      I.    <u>Model Protocol for Discovery of ESI</u>: The parties are discussing the Model
16 Protocol relating to ESI.

17      J.    <u>Alternatives to Model Protocol</u>: The parties are discussing the use of the Model
18 Protocol, including potential modifications and/or alternatives to it.

19   6.  <u>Date by Which Discovery Can be Completed:</u>  Plaintiff believes that fact discovery can
20 be completed by the end of June, 2014, with expert witness discovery completed by the end of
21 August, 2014.

22   Defendants believe that fact discovery can be completed by the end of August, 2014, with
23 expert witness discovery completed by the end of October, 2014.  This estimate attempts to
24 take into account several factors, including whether and when Plaintiff will seek to amend or
25 supplement its complaint, the filing of an early summary judgment motion, the attorney client
26 issues referred to above, and, the taking of depositions overseas.

27   7.  <u>Bifurcation</u>: The parties agree that bifurcation is not warranted in this case.

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
(NO. 2:13-CV-777-MJP)

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

8. <u>Pretrial Statements and Pretrial Order</u>:  The parties do not suggest any modification to the requirements of Rule 16.

9. <u>Statement of ADR Method</u>:  Mediation.

10. <u>Suggestions for Shortening or Simplifying the Case</u>: As set forth above Defendants believe a summary motion on the issue of the enforceability and/or voidness of the Agreement as soon as possible will shorten and simplify the case.

11. <u>The Date the case will be ready for trial</u>:  Plaintiff believes this case will be ready for Trial by October 27, 2014.  Defendants believe this case will be ready for Trial by February __, 2015.

12. <u>Whether the trial will be jury or non-jury</u>:  Jury

13. <u>Number of Trial Days:</u>  Ten

14. <u>Names, Addresses, and Telephone Number of Trial Counsel:</u>

Roger M. Townsend, WSBA #25525
Breskin Johnson &Townsend PLLC
1111 3rd Avenue, Suite 2230
Seattle, WA 98101
Tel: 206.652.8660
Attorneys for Plaintiff

Tod L. Gamlen
(Admitted *pro haec vice*)Daniel G. Valles
(Admitted *pro haec vice*)
Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 856-2400
Attorneys for Defendants

Edgar Sargent, WSBA # 28283
Floyd Short, WSBA #. 21632
Lindsey Godfrey Eccles, WSBA # 33566
Susman Godfrey LLP
1201 3rd Avenue, Suite 3800
Seattle, WA 98101-3087
Phone: (206) 516-3895
Attorneys for Plaintiff

Louis D. Peterson, WSBA #5776
Joseph B. Genster, WSBA #14968
Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone: (206) 623-1745
Attorneys for Defendants

15. <u>Date Complications for Setting a Trial Date:</u> None

16. <u>Service:</u>  Defendants have been served.

1    17. <u>Scheduling Conference:</u>  The parties do not believe a scheduling conference is necessary at this time.

2    18. <u>Dates that Each Party Filed Its Disclosure Statement</u>: Plaintiff filed its corporate disclosure statement on May 5, 2013.  Defendants filed their corporate disclosure statement on August 26, 2013.

3    19. <u>Consent to Hearings Being Video Recorded:</u> The parties do not consent to have hearings be video recorded.

DATED this 10th day of October, 2013.

| BRESKIN JOHNSON & TOWNSEND PLLC | HILLIS CLARK MARTIN & PETERSON P.S. |
|---|---|
| By: *s/ Roger M. Townsend*<br>Roger M. Townsend, WSBA No. 25525<br>1111 Third Avenue, Suite 2230<br>Seattle, WA  98101<br>Phone:  206-652-8660<br>Facsimile:  206-652-8290<br>rtownsend@bjtlegal.com<br>*Attorneys for Plaintiffs* | By*:  s/ Louis D. Peterson*<br>Louis D. Peterson, WSBA #5776<br>Joseph B. Genster, WSBA #14968<br>1221 Second Avenue, Suite 500<br>Seattle, WA 98101-2925<br>Phone: 206-623-1745<br>Facsimile: 206-623-7789<br>ldp@hcmp.com; jbg@hcmp.com<br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2013, I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                    */s/ Jamie Telegin*
                                                    Jamie Telegin, Legal Assistant