THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COINLAB, INC., a Delaware Corporation, | No. 2:13-cv-00777-MJP |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER |
| MT. GOX KK, a Japanese corporation, and TIBANNE KK, a Japanese corporation, | NOTE ON MOTION CALENDAR: Friday, November 8, 2013 |
| Defendants. | |

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.   CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: documents, materials, electronically stored information ("ESI") and/or other information that consists of , or contains information from,  non-public financial statements, customer information and  records,  customer lists, bank records, business

*STIPULATED PROTECTIVE ORDER (2:13-cv-00777-MJP) - 1*

Hillis Clark Martin & Peterson P.S. 1221 Second Avenue, Suite 500 Seattle, WA 98101 (206) 623-1745

plans and forecasts, supplier lists and records, patent applications, and  programming code.

3.    "HIGHLY CONFIDENTIAL -- ATTORNEYS'  EYES ONLY" MATERIAL

"Highly Confidential - Attorney Eyes Only" material are those Confidential materials the disclosure of which to another Party or non-party would create a substantial risk of serious injury or harm that cannot be avoided by less restrictive means.

4.    SCOPE

The protections conferred by this agreement cover not only Confidential material and Highly Confidential - Attorneys' Eyes Only material (as defined above), but also (1) any information copied or extracted from such materials; (2) all copies, excerpts, summaries, or compilations of such materials; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such materials. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. In entering into this Stipulation and Order the parties reserve, and are not waiving, all rights to object to the production of any material on any basis allowable by law, and all rights to take any other steps allowable by law with respect to materials that are not discoverable.

5.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

5.1    Basic Principles. A receiving party may use Confidential material and Highly Confidential - Attorneys' Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in paragraph 5.2 of this agreement. Highly Confidential - Attorneys' Eyes Only material may be disclosed only to the categories of persons and under the conditions described in paragraph 5.3 of this agreement e Confidential material and Highly Confidential - Attorneys' Eyes Only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2    Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered by the court

or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Material.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "Highly Confidential -- Attorneys' Eyes Only" material only to:

(a)    the receiving party's counsel of record in this action, as well as employees

of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court, court personnel, and court reporters and their staff;

(d)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and,

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.4     For purposes of Paragraphs 5.2(c) and 5.3(b), a consultant and/or expert shall be defined as a person who is retained or employed as a bona fide consultant or expert for purposes of the Litigation, whether full or part time, by or at the direction of counsel for a party, who is neither an employee of a party nor anticipated to become such an employee, and has no business relationship with the party for whom he/she/it is acting as a consultant, or any affiliate of such party.

5.5     <u>Filing Confidential Material</u>. Before filing Confidential material or Highly Confidential - Attorneys' Eyes Only material or discussing or referencing any such materials in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the Confidential or Highly Confidential - Attorneys' Eyes Only l designation, whether the document can be redacted, or whether a motion to seal or stipulation and

proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

6.      DESIGNATING PROTECTED MATERIAL

        6.1      Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

        If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

        6.2      Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

        (a)      Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY, as the case may be, to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate

markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(d) Designating Material as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY: Before a producing party can designate documents as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" the party will meet and confer with the receiving party and identify the categories of documents to be designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and the reasons for the designation. If the parties agree on allowing a "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" designation the documents may be so designated and produced. If the parties cannot agree, the producing party shall have the burden to file a motion for protective order to allow an "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" designation and such motion shall be filed within two (2) weeks of the meet and confer. If such a motion is not filed within such two (2) week period the documents may be designated as Confidential and produced.

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1 <u>Timing of Challenges</u>. Subject to section 6.2 (d), above, at any time any party or

non-party may challenge a designation of Confidential or Highly Confidential - Attorneys' Eyes Only. Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge such a designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer. Subject to section 6.2 (d), above, the parties must make every attempt to resolve any dispute regarding designations of Confidential material or Highly Confidential - Attorneys' Eyes Only material without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY", that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material or Highly Confidential - Attorneys' Eyes Only material may be affected.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material or Highly Confidential - Attorneys' Eyes Only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

11.   NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential material or Highly Confidential - Attorneys' Eyes Only material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all

documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

work product, even if such materials contain Confidential material or Highly Confidential -

Attorneys' Eyes Only material. In such event, and notwithstanding any other provision in this

stipulation and order, counsel shall be bound by the confidentiality obligations imposed by this

stipulation and order for as long as counsel maintains possession of such material.

The confidentiality obligations imposed by this stipulation and order shall remain in effect

until a designating party agrees otherwise in writing or this court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:        November 8, 2013.

BRESKIN JOHNSON & TOWNSEND PLLC


By:  s/ Roger M. Townsend
Roger M. Townsend, WSBA No. 25525
Breskin Johnson & Townsend PLLC
1111 Third Avenue, Suite 2230
Seattle, WA 98101
Tel: (206) 652-8660
Fax: (206) 652-8290
Email: rtownsend@bjtlegal.com


SUSMAN GODFREY LLP


By:  s/ Edgar Sargent
Floyd Short, WSBA No. 21632
Lindsey Godfrey Eccles, WSBA No. 33566
Susman Godfrey LLP
1201 3rd Ave Ste 3800
Seattle, WA 98101-3087
Tel: (206) 516-3895
Fax: (206) 516-3883
Email: esargent@susmangodfrey.com
fshort@susmangodfrey.com
leccles@susmangodfrey.com

Attorneys for Plaintiff

DATED:       November 8, 2013.

                        HILLIS CLARK MARTIN & PETERSON

                        By:  s/ Louis D. Peterson
                             Louis D. Peterson, WSBA No. 5776
                             Joseph B. Genster, WSBA No. 14968
                             Hillis Clark Martin & Peterson P.S.
                             1221 Second Avenue, Suite 500
                             Seattle WA 98101-2925
                             Tel:  (206) 623-1745
                             Fax:  (206) 623-7789
                             Email:  ldp@hcmp.com; jbg@hcmp.com


                        BAKER & MCKENZIE LLP

                        By:  s/ Tod L. Gamlen
                             Tod L. Gamlen
                             Daniel G. Valles
                             Baker & McKenzie LLP
                             660 Hansen Way
                             Palo Alto, CA 94304
                             Tel: (650) 856-2400
                             Fax: (650) 856-9299
                             Email: tod.gamlen@bakermckenzie.com
                                    daniel.valles@bakermckenzie.com
                             (Admitted *pro hac vice*)

                             Attorneys for Defendants


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____


                        _____
                        Marsha J. Pechman
                        Chief United States District Judge

---

*STIPULATED PROTECTIVE ORDER*          Hillis Clark Martin & Peterson P.S. 1221 Second Avenue,
*(2:13-cv-00777-MJP) - 10*                  Suite 500 Seattle, WA 98101 (206) 623-1745

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Western District of Washington on [date] in the case of *CoinLab, Inc. v. MtGox KK and

Tibanne KK,* No. 2:13-cv-00777- MJP. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lindsey N Godfrey - lngodfrey@susmangodfrey.com,ahightower@susmangodfrey.com

Edgar Guy Sargent - esargent@susmangodfrey.com,ahightower@susmangodfrey.com

Floyd G Short - fshort@susmangodfrey.com,ahightower@susmangodfrey.com

Roger M Townsend - rtownsend@bjtlegal.com,mvizzare@bjtlegal.com,admin@bjtlegal.com

DATED this 8th day of November, 2013 at Seattle, Washington.

By    s/ Louis D. Peterson
Louis D. Peterson, WSBA #5776
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email:  ldp@hcmp.com

*STIPULATED PROTECTIVE ORDER*
*(2:13-cv-00777-MJP) - 12*

Hillis Clark Martin & Peterson P.S. 1221 Second Avenue,
Suite 500 Seattle, WA 98101 (206) 623-1745