UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COINLAB, INC., a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>MT. GOX KK, a Japanese corporation, and TIBANNE KK, a Japanese corporation.<br><br>Defendants. | Case No. 2:13-cv-0077<br><br>FIRST AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED |

COMES NOW, Plaintiff CoinLab, Inc. ("CoinLab"), by and through their undersigned attorneys, brings this action against the Defendants, Mt. Gox KK, a Japanese corporation ("Mt. Gox"), and Tibanne KK, a Japanese corporation ("Tibanne"). Plaintiff states and alleges as follows:

## I. INTRODUCTION

1. CoinLab brings this suit against Mt. Gox to remedy breach of the parties' exclusive license agreement for the United States and Canada. Both parties are among the world's largest providers of technology and services for the digital currency Bitcoin. In November 2012, the parties entered into a contract under which Mt. Gox granted CoinLab access to Mt. Gox computer servers and the exclusive right to certain intellectual property necessary for

COMPLAINT- 1

CoinLab to provide digital currency exchange services to North American customers. CoinLab offered its credibility, market insights, relationships with established banks and investors, intellectual property and agreed to manage and market the exchange services in North America.

2. Mt. Gox has willfully failed to perform its obligations under this contract. Mt. Gox has continued to market to customers in North America and has accepted business from customers there. Mt. Gox has also failed to provide CoinLab with account reconciliation data, server access, and other information promised in the agreement that is essential for CoinLab to market exchange services and service its customers as contemplated in the agreement. These breaches have caused CoinLab to lose customers and threaten to cause substantial damage to CoinLab's business. As a result, CoinLab brings this action for breach of contract and related claims.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court under 28 U.S.C. § 1332. Plaintiff CoinLab is a resident of Delaware and Washington State. Defendants Mt. Gox and Tibanne are residents of Japan. This is an action for damages in excess of $75,000,000.00 excluding interest, attorneys' fees and costs.

4. CoinLab is a Delaware corporation with its principal place of business in King County Washington.

5. On information and belief, Mt. Gox and Tibanne (collectively "Defendants") are corporations organized under the laws of Japan with their principal places of business in Tokyo, Japan.

6. On or about November 22, 2012, Defendants and CoinLab entered into a fully integrated "Exclusive License Agreement for the USA & Canada agreement" (the "Agreement").

COMPLAINT- 2

A true and accurate copy of the Agreement is attached hereto as Exhibit A.

7. The Agreement provides that the Defendants "irrevocably consent to the personal jurisdiction of and venue in the state and federal courts located in King County, Washington with respect to any action, claim or proceeding arising out of or relating to this Agreement."

8. The Agreement provides that it shall be governed, construed and interpreted in accordance with the laws of the State of Washington.

## III.  FACTS

### A.  The Bitcoin Market

9. Bitcoin is the most successful digital currency in the world. Bitcoins were first described in a paper published on the Internet in 2008 and were introduced to the market in early 2009. Bitcoins are a currency that is not issued or directly overseen by any government, but that is instead managed through a peer-to-peer network operating over the Internet. Bitcoins use complex cryptography to protect the security of the Bitcoin system and prevent counterfeiting.

10. When first introduced, a single Bitcoin was valued at less than one penny. The value of a Bitcoin has increased substantially since introduction. At times a single Bitcoin has been valued as high as $266. Bitcoins may be used to purchase goods and services through a number of websites or from any merchant that accepts Bitcoins.

11. A company offering Bitcoin exchange services will trade "fiat" or "sovereign" based currency such as U.S. dollars for Bitcoins and also trade Bitcoins for U.S. dollars or other currencies. The annualized exchange volume for Bitcoin exchanges has grown to over $12 billion/year as of April 2013.

12. While Bitcoins are not a traditional fiat based currency, they are subject to regulation by United States Financial Crimes Enforcement Network ("FinCEN").

COMPLAINT- 3

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

13. In March 2013, FinCEN issued regulatory guidance for exchanges dealing in digital currency such as Bitcoins.

**B.  CoinLab and Mt. Gox Provide Bitcoin Services.**

14. The Defendants provide Bitcoin exchange services via the Internet. They operate an interactive website available at <https://mtgox.com/> (the "the Mt. Gox website") which accepts orders for Bitcoin exchanges. Through the Mt. Gox website, users can exchange currency for Bitcoins. Mt. Gox has been widely reported to be the largest operating Bitcoin exchange in the world.

15. CoinLab is engaged in the operation and development of Bitcoin software and technology products, services and platforms. CoinLab is prepared to provide Bitcoin exchange services directly to customers in the United States and Canada. CoinLab has established relationships with banks in the United States that will allow CoinLab to operate an exchange in North America. Because of its relationships with these financial institutions and respected venture capitalists and because of its adherence to applicable regulatory frameworks, CoinLab has established a very positive reputation in the Bitcoin business community.

16. CoinLab is registered with FinCEN to provide Bitcoin exchange services in the United States and has fully complied with FinCEN's March 2013 guidance for digital currency exchanges.

**C.  The Agreement Provides CoinLab With Exclusive Rights.**

17. On November 22, 2012 Mt. Gox and CoinLab entered into the Agreement to service the Bitcoin exchange market in a mutually beneficial manner that provided for stability and liquidity in that market.

18. Mt. Gox has no established banking relationships in North America and is unable

COMPLAINT- 4

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

to process transactions through banks in the United States or Canada. Through the Agreement, Mt. Gox greatly increased its ability to service the North American market.

19. Through the Agreement, Mt. Gox was enriched through its relationship with CoinLab and CoinLab's intellectual property, expertise, standing in the Bitcoin ecosystem, and relationships.

20. Pursuant to the Agreement, Defendants granted CoinLab an exclusive license in the North American market to use the Defendants' software and other intellectual property in providing digital currency exchange services (the "Licensed Materials").

21. The Agreement further provides that Defendants shall not grant anyone else the right to use the Licensed Materials to provide Bitcoin exchange services anywhere in the United States or Canada.

22. In consideration for this exclusive license and promise of cooperation, CoinLab promised, among other things, to assume responsibility for managing and marketing the exchange services in the United States and Canada. CoinLab also offered Mt. Gox the ability to service North American customers in a manner that it could not otherwise achieve.

23. Failure to comply with the exclusivity provisions of the Agreement is expressly specified to be a material breach of the Agreement.

**D.    The Defendants Have Breached the Exclusivity Provisions.**

24. Defendants have breached the exclusivity provisions of the Agreement by directly servicing customers in the United States and Canada since the Agreement took effect.

25. The Agreement provides that beach of the exclusivity provisions of the Agreement alone provides for liquidated damages in the amount of $50,000,000.00 as a non-exclusive remedy. The liquidated damages clause was defined at the time of the Agreement

COMPLAINT- 5

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

because of the uncertain nature of the Bitcoin exchange market and likely underestimates the actual damages incurred by Bitcoin as a result of Mt. Gox's breach of the exclusivity provisions of the Agreement.

26. Defendants have, in email and other written exchanges, and in public statements to the press acknowledged that they have directly serviced customers in the United States and Canada since entering the Agreement. This conduct constitutes a breach of the Agreement, including the exclusivity provisions in the Agreement.

**E.     The Defendants Have Breached Other Provisions of the Agreement.**

27. The Agreement further provides for a transition period whereby United States and Canadian customers are transitioned from Mt. Gox to CoinLab by March 22, 2013. Mt. Gox is required to cooperate with CoinLab to transfer North American customers, defined as "CoinLab Customers" in the Agreement, from Mt. Gox to CoinLab.

28. Mt. Gox has failed to cooperate in facilitating the timely and seamless transfer of CoinLab Customers to Coinlab since the Agreement took effect.

29. Among other things, Defendants agreed to provide necessary technology, software, and know-how to CoinLab during the transition period and to establish promised connections from CoinLab's computer network to Mt. Gox's computer network.

30. Defendants have breached their promises to provide necessary technology, software, and know-how to CoinLab and have refused or failed to establish promised connections from CoinLab's computer network to Mt. Gox's computer network.

31. In the Agreement, Mt. Gox promised to deliver all passwords, Yubikeys, administrative logins and any other security information required for CoinLab to assume operation of the Bitcoin exchange services for customers in the United States and Canada if Mt.

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

Gox has a service interruption or is otherwise unable to maintain its exchange.

32. Despite repeated requests to do so, Mt. Gox has failed to deliver all passwords, Yubikeys, administrative logins and any other security information required so that CoinLab may assume operation of the Bitcoin exchange services for customers in the United States and Canada in case of a service interruption.

33. The Agreement requires that Mt. Gox shall make available to CoinLab on-demand and read-only access to Mt. Gox's databases and other related records and data pertaining to any and all accounts for customers in the United States and Canada.

34. Despite repeated requests to do so, Mt. Gox has failed to make available to CoinLab on-demand and read-only access to Mt. Gox's databases and other related records and data pertaining to any and all accounts for customers in the United States and Canada.

35. The Agreement provides for a revenue share for customers in the United States and Canada (defined as "CoinLab Customers") at different levels, depending upon the date that the customer began using Defendants' services to exchange Bitcoins.

36. Defendants have failed to comply with the revenue share requirements set forth in the Agreement and timely remit funds due to Coinlab.

37. Pursuant to the Agreement, Mt. Gox agreed to deposit Bitcoin and other funds (however denominated) of CoinLab Customers in an account or accounts controlled by CoinLab (the "Liquidity Funds") in accordance with CoinLab's instructions on transaction types, timing of transactions and wire transfer or other deposit instructions.

38. Mt. Gox has failed to timely deposit Liquidity Funds in the manner instructed by CoinLab.

39. Pursuant to the Agreement, the Parties were required to reconcile revenue and

COMPLAINT- 7

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

customer trade imbalances on a weekly or more frequent basis.

40. Defendants have failed to timely reconcile revenue and customer trade imbalances.

41. The Agreement provides that CoinLab shall, for a period of five (5) years following termination, receive trailing revenues for users in the United States or Canada that use the Mt. Gox website or otherwise are serviced by Defendants for purposes of operating a Bitcoin exchanges or other purposes.

42. CoinLab stood ready to perform its obligations under the Agreement at all times and informed the Defendants of this fact.

43. At all times during the Agreement, CoinLab has complied with its representations and warranties under the Agreement.

44. CoinLab has, at all times during the term of the Agreement, operated in compliance with all applicable laws.

45. CoinLab has provided assurances of compliance with its representations and warranties and reasonable course of action for compliance with potential future changes in regulatory requirements applicable to operation of a Bitcoin exchange.

### IV.   COUNT I- BREACH OF CONTRACT

46. Plaintiff realleges paragraphs 1-46 as if fully set forth herein.

47. Since November 22, 2012, the Agreement has been a valid contact between CoinLab and Defendants.

48. For the reasons specified above, Defendants breached the Agreement, including by

   A. directly servicing customers in the United States and Canada in violation of the

COMPLAINT- 8

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

       Agreement's exclusivity provisions;

B.    failing to cooperate in facilitating the timely and seamless transfer of CoinLab customers to CoinLab;

C.    failing to provide the necessary technology, software, and know-how to CoinLab and refusing to establish promised network connections;

D.    failing to deliver all passwords, Yubikeys, administrative logins and other required security information;

E.    failing to make available to CoinLab on-demand and read-only access to Mt. Gox's databases and other related records and data pertaining to accounts for customers in the United States and Canada;

F.    failing to timely comply with the Agreement's revenue share requirements;

G.    failing to timely deposit Liquidity Funds in the manner instructed by CoinLab; and

H.    failing to timely reconcile revenue and customer trade imbalances.

49.    As a result of Defendants' breaches, Plaintiff has suffered actual damages in an amount equal to or exceeding $75,000,000.

## V. COUNT II- BEACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

50.    Plaintiff realleges paragraphs 1-50 as if fully set forth herein.

51.    Defendants owed Plaintiff a duty to cooperate with Plaintiff so that each party could obtain the full benefit of performance.

52.    Defendants failed to so cooperate, including by

COMPLAINT- 9

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

A. directly servicing customers in the United States and Canada in violation of the Agreement's exclusivity provisions;

B. failing to cooperate in facilitating the timely and seamless transfer of CoinLab customers to CoinLab;

C. failing to provide the necessary technology, software, and know-how to CoinLab and refusing to establish promised network connections;

D. failing to deliver all passwords, Yubikeys, administrative logins and other required security information;

E. failing to make available to CoinLab on-demand and read-only access to Mt. Gox's databases and other related records and data pertaining to accounts for customers in the United States and Canada;

F. failing to timely comply with the Agreement's revenue share requirements;

G. failing to timely deposit Liquidity Funds in the manner instructed by CoinLab; and

H. failing to timely reconcile revenue and customer trade imbalances.

53. As a direct result of Defendants' failure to cooperate, Plaintiff has suffered damages in an amount equal to or exceeding $75,000,000.

## VI.   COUNT III - ACCOUNTING

54. Plaintiff realleges paragraphs 1-54 as if fully set forth herein.

55. Plaintiff demanded an accounting from Defendants pursuant to the Agreement by asking Defendants to make available to CoinLab on-demand and read-only access to Mt. Gox's databases and other related records and data pertaining to accounts for customers in the United States and Canada by demanding that Defendants timely comply with the Agreement's revenue

COMPLAINT- 10

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

share requirements.

56. Defendants have refused to provide such an accounting. Defendants have also failed to timely deposit Liquidity Funds in the manner instructed by CoinLab or to timely reconcile revenue and customer trade imbalances.

57. The account is so complicated that it cannot conveniently be taken in an action at law.

### VII.   COUNT IV - RESTITUTION

58. Plaintiff realleges paragraphs 1-58 as if fully set forth herein.

59. In their Answer and Counterclaim, Defendants have asked the Court to find that the Agreement is "void and unenforceable." Dkt. No. 18, Counterclaim ¶ 3a. Defendants further request judgment that the Agreement has been rescinded. *Id.* ¶ 3b. Defendants have also purported to rescind the Agreement by notice and amended notice. Dkt. No. 18, Counterclaim ¶ 36.

60. Plaintiff specifically denies that the Agreement is void and/or unenforceable or that the Agreement has been rescinded. *See* Dkt. No. 21, Answer to Counterclaim, ¶P 3, 36. However, in the event that the Court finds that the Agreement is void and/or unenforceable and/or rescinded, Plaintiff brings this claim for restitution of any and all benefits received by Defendants from Plaintiff pursuant to the Agreement, including without limitation any and all enrichment of Defendants by virtue of their relationship with CoinLab and CoinLab's intellectual property, expertise, standing in the Bitcoin ecosystem, and/or relationships.

### VII.  RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays that this court enter judgment in their favor:

A. Ordering Defendants to comply immediately with their obligations under the Agreement;

COMPLAINT- 11

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

B. Awarding Plaintiff damages in the amount to be established at trial;

C. Ordering an accounting of all monies due Plaintiff from Defendants pursuant to the Agreement;

D. Awarding Plaintiff restitution of all benefits conferred on Defendants by Plaintiff in relation to the Agreement in the event that the Court determines the Agreement is void or otherwise unenforceable.

E. Awarding Plaintiff all costs and expenses incurred by Plaintiff as a result of Defendants' unlawful conduct, including reasonable attorneys' fees, litigation expenses, and court costs; and

F. Granting such other relief as this Court deems just, necessary, and proper.

Dated this 14th day of November, 2013.

BRESKIN JOHNSON & TOWNSEND PLLC

By: /s/ Roger M. Townsend
Roger M. Townsend, WSBA No. 25525
Breskin Johnson & Townsend PLLC
1111 Third Avenue, Suite 2230
Seattle, WA 98101
rtownsend@bjtlegal.com
Phone: (206) 652-8660
Fax: (206) 652-8290

SUSMAN GODFREY LLP

By: /s/ Edgar Sargent
Edgar Sargent, WSBA No. 28283
Susman Godfrey LLP
1201 3rd Ave Ste 3800
Seattle, WA  98101-3087
esargent@susmangodfrey.com
Phone: (206) 516-3895
Fax: (206) 516-3883

Attorneys for Plaintiff CoinLab

COMPLAINT- 12

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND PLLC
1111 THIRD AVENUE, SUITE 2230
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX