1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

COINLAB, INC., a Delaware Corporation,

No. 2:13-cv-00777-MJP

11

Plaintiff,

**ANSWER TO FIRST AMENDED
COMPLAINT**

12

v.

13

MT. GOX KK, a Japanese corporation, and
TIBANNE KK, a Japanese corporation,

14

Defendants.

15

16      Pursuant to the November 25, 2013, Stipulation re Filing of Amended Complaint

17    (Dkt. No. 28) ("November 25 Stipulation") , Defendants MtGox KK ("MtGox") and Tibanne KK

18    ("Tibanne") by and through their undersigned attorneys, hereby answer the First Amended

19    Complaint filed by CoinLab, Inc. ("CoinLab"). (Dkt. No. 29)  The allegations in the following

20    paragraphs 1-60 are directed to the corresponding paragraphs 1-60, respectively, of the First

21    Amended Complaint.  Pursuant to the November 25 Stipulation, the Counterclaim filed by

22    Defendants on September 10, 2013 ("September 10 Counterclaim") (Dkt. No. 18) and Plaintiff's

23    Answer to Counterclaim filed by CoinLab on October 4, 2013 (Dkt. No. 21) remain the operative

24    pleadings in their respective regards without need of refiling them.

25

26

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

1

## **PREFATORY STATEMENT**

2

The claims asserted by CoinLab in its Complaint are without merit and should be

3

dismissed by the Court. These claims arise out of the November 22, 2012 Exclusive License

4

Agreement for the USA and Canada ("the Agreement") between the parties and that Agreement

5

expressly provided that by March 22, 2013 CoinLab was to be compliant with all federal and state

6

statutes, rules and regulations which govern the Bitcoin exchange services that CoinLab was to

7

provide under the Agreement. To perform the Bitcoin exchange services in the United States

8

called for under the Agreement, CoinLab was required to be registered and licensed with the

9

federal government and most of the states as a money transmitter. The Agreement is void and

10

unenforceable, and is subject to rescission, because CoinLab failed and refused to become so

11

registered and licensed, and, the Agreement, if performed by CoinLab, would have been unlawful

12

-- if MtGox had continued to perform under the Agreement and transferred customer accounts to

13

CoinLab, such that CoinLab was engaging in Bitcoin exchange services in the US, CoinLab

14

would have been acting in violation of federal and state law, to the prejudice of the MtGox

15

customers. MtGox has rescinded the Agreement.

16

17

## **ANSWER**

18

1.      As to the first sentence of this paragraph, Defendants lack knowledge or

19

information sufficient to form a belief about the truth of the allegations and on such basis deny

20

them; and, further allege that Defendants have not breached the exclusive license agreement

21

referred to in the first sentence. As to the second sentence, Defendants admit that MtGox is

22

among the world's largest providers of Bitcoin exchange services; as to the remaining allegations

23

24

in this sentence, Defendants lack knowledge or information sufficient to form a belief about the

25

26

*Answer to First Amended Complaint* - 2
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

truth of said allegations and on such basis deny them.  As to the third sentence of this paragraph,

Defendants admit that in November 2012 CoinLab and Defendants entered into the Exclusive

License Agreement for the USA and Canada ("the Agreement") and that a copy of it is attached

as Exhibit A to the Frist Amended Complaint; that the terms of the Agreement are set forth in the

Agreement itself; and, except as so admitted, deny the allegations of this sentence.  As to the

fourth sentence of this paragraph, Defendants admit that under the Agreement CoinLab was "…to

manage and market the exchange services in North America…"; except as so expressly admitted

Defendants deny the allegations of this sentence.

      2.      As to the first and third sentences of this paragraph Defendants admit that, because

of CoinLab's failure to comply with the state and federal laws and regulations that apply to the

Bitcoin exchange services that CoinLab was to provide under the Agreement, MtGox ceased

performing under the Agreement, and providing CoinLab with account reconciliation data, server

access, and other information called for under the Agreement because Defendants' performance

was excused by such breaches by CoinLab; and, except as so admitted and alleged, Defendants

deny the allegations of these sentences.  As to the second sentence, Defendants admit that persons

in North America have continued to use the website at www.mtgox.com to effectuate the

purchase and sale of Bitcoin; and, except as so admitted Defendants lack knowledge or

information sufficient to form a belief about the truth of the allegations in said sentence and on

such basis deny them.  Defendants allege that they lack knowledge or information sufficient to

form a belief about the truth of the allegations and on such basis deny them.  Defendants deny the

allegations of the fourth sentence of this paragraph.  As to the fifth sentence, Defendants lack

knowledge or information sufficient to form a belief about the truth of said allegations and on

*Answer to First Amended Complaint* - 3
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

such basis deny them.

3.      Defendants admit the allegations of the first, second and third sentences of this paragraph.  As to the fourth sentence, Defendants admit that CoinLab is alleging damages in excess of $75 million; Defendants deny that CoinLab has been damaged in such amount or any amount at all, as a result of the acts of Defendants; and, further deny that CoinLab is entitled to any recovery or remedy in this action.

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on such basis deny them.

5.      Admitted.

6.      Defendants admit that in November 2012 they and CoinLab entered into the Agreement and that a true and accurate copy of the Agreement is attached as Exhibit A to the First Amended Complaint.  Except as so expressly admitted, Defendants deny the allegations of this paragraph.

7.      Defendants admit that section 10.E. of the Agreement provided in pertinent part, as follows—"The parties hereby irrevocably consent to the personal jurisdiction of and venue in the state and federal courts located in King County, Washington with respect to any action, claim or proceeding arising out of or relating to this Agreement."  Except as expressly admitted, Defendants deny these allegations of this paragraph.

8.      Admitted.

9.      As to the first sentence of this paragraph, Defendants admit that Bitcoin were first mined in 2009, since that time over 11 million Bitcoin that have been mined, and since 2009 the acceptance and use of Bitcoin has increased substantially; the term "most successful" is vague

*Answer to First Amended Complaint* - 4
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

and subjective and, therefore, except as so admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in said sentence.  As to the second sentence, Defendants admit that Bitcoin were first described in a paper on the Internet in 2008 and that the first Bitcoin were mined in 2009; except as so admitted Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in said sentence and on such basis deny them.  As to the third and fourth sentences of this paragraph, Defendants admit that Bitcoin are not issued by any government, that Bitcoin are created and mined through a peer-to-peer network over the Internet, that cryptography is used in an attempt to protect the security of the Bitcoin system and in an attempt to prevent counterfeiting; and, except as so admitted Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in said sentences and on such basis deny them.

10.     As to the first sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on such basis deny them.  Defendants admit the allegations in the second, third and fourth sentence of this paragraph.

11.     As to the first sentence of this paragraph, Defendants admit that Bitcoin exchange services can involve a customer purchasing Bitcoin with "fiat" or "sovereign" currency, or a customer selling Bitcoin for "fiat" or "sovereign" currency.  Except as so expressly admitted Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on such basis deny them.  As to the second sentence, Defendants admit that the annualized volume of Bitcoin transactions conducted over exchanges can be estimated by reviewing certain resources, and, making estimates of market rates is also possible with certain resources, but Defendants have not done such estimates "as of April 2013"; and, except as so

*Answer to First Amended Complaint* - 5
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

admitted Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in said sentences and on such basis deny them.

12.     Defendants admit that Bitcoins are not a traditional fiat based currency; and, that persons and entities that are involved in certain types of Bitcoin services and transactions in the United States are subject to regulation by the United States Financial Crimes Enforcement Network ("FinCEN"), subject to limits on the jurisdiction of FinCEN.  Except as so expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in said sentences and on such basis deny them.

13.     Admitted.

14.     As to the first and second sentences of this paragraph, Defendants admit that MtGox provides Bitcoin exchange services via the internet and that MtGox operates an interactive website available at https://mtgox.com/; Defendants deny that Defendant Tibanne engages in such activities.  As to the third sentence of this paragraph, Defendants admit that once a customer opens an account with MtGox, provides certain customer information requested by MtGox, and deposits currency into such account, such customer can use the website (referred to in this paragraph as "the MtGox website") to purchase Bitcoin from other MtGox customers; except as so expressly admitted Defendants deny the allegations of this sentence.  As to the fourth sentence, Defendants admit that MtGox has been reported to be the largest operating Bitcoin exchange in the world; and, except as so admitted Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in said sentence and on such basis deny them.

15.     As to the first sentence, Defendants allege they lack knowledge or information

*Answer to First Amended Complaint* - 6
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

sufficient to form a belief about the truth of the allegation and on such basis deny them.

Defendants deny the second sentence of this paragraph.  As to the third and fourth sentences of

this paragraph, Defendants deny that CoinLab adhered "…to applicable regulatory

frameworks…"; as to the remaining allegations Defendants allege they lack knowledge or

information sufficient to form a belief about the truth of the allegations and on such basis deny

them.

16.    Defendants deny that CoinLab was properly registered with FinCEN as of the time

relevant under the Agreement; as to the other allegations in this paragraph Defendants allege they

lack knowledge or information sufficient to form a belief about the truth of the allegation and on

such basis deny them.

17.    Defendants admit that in November 2012 CoinLab and Defendants entered into the

Agreement and that Exhibit A to the First Amended Complaint is a true and accurate copy of the

Agreement.  Except as so expressly admitted, Defendants deny the allegations of this paragraph.

18.    Defendants admit that MtGox currently has no established banking relationships in

North America.  Except as so expressly admitted, Defendants deny the allegations of this

paragraph.

19.    Denied.

20.    Defendants admit that under section 1.B. and C. of the Agreement CoinLab was

granted "…an exclusive, non-transferable royalty-free license to the Licensed Materials for use to

provide the Services within the United States of America and Canada (collectively the

"Territory"), effective during the Term (as defined herein below) and on the terms and conditions

set forth in this Agreement. …"; and further allege that the term "Licensed Materials" is defined

*Answer to First Amended Complaint* - 7
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

in section 1.B. of the Agreement.  Except as so expressly admitted and alleged Defendants deny

the allegations in this paragraph.

21.     Defendants admit that section 1.F.1 of the Agreement provides as follows:

> "During the Term, MtGox and Tibanne shall not grant anyone the
> right to use the Licensed Materials to provide the Services, or any
> part thereof, in the Territory.  The exclusivity granted herein shall
> apply strictly to Services targeting the Territory and the CoinLab
> Customers (as defined below) and advertised and sold as such. It
> shall not include the provision of Services to users of the Services
> who, depending on the interpretation or circumstances, may or may
> not be considered CoinLab Customers."

Except as expressly admitted Defendants deny the allegations of this paragraph.

22.     Defendants admit that the Agreement set forth those responsibilities imposed on

CoinLab with respect to managing and marketing the Services in the Territory, and that under the

Agreement CoinLab was to "assume responsibility for managing and marketing" the Bitcoin

exchange services in the United States and Canada."  Except as so expressly admitted Defendants

deny the allegations in this paragraph.

23.     Defendants admit that the Agreement provided that a breach of section 1.F.1

"…shall be considered a material breach of this Agreement."  Except as so expressly admitted

Defendant deny the allegations in this paragraph.

24.     Defendants deny the allegations in this paragraph,  including denying that they

have "breached the exclusivity provisions of the Agreement", including section 1.F.1; and, further

denying that any interaction between MtGox and MtGox customers in the United States and

Canada after the effective date of the Agreement does not constitute a breach of any provision of

the Agreement.

25.     Denied.

*Answer to First Amended Complaint - 8*
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

26.     As to the first sentence of this paragraph, Defendants admit that since the parties entered into the Agreement in November 2012, users located in the United States and Canada have used the www.mtgox.com website to effectuate purchases and/or sales of Bitcoin; Defendants deny that such conduct constitutes a breach of  any provision of the Agreement; and,except as so admitted and denied, Defendants lack knowledge or information sufficient to form a belief about the truth to the allegations of such sentence and on such basis deny them. Defendants deny the second sentence of this paragraph.

27.     Defendants admit that:  the Agreement provided that the term CoinLab Customers "…mean all current and future users of the Services who are citizens of either the United States of America or Canada or that can be identified as such from identification documents provided to MtGox or CoinLab."; the Agreement provides for a Transition Period that is to expire on March 22, 2013; and, the Agreement provides that MtGox and CoinLab were to cooperate in transferring the Liquidity Funds as defined in section 3.C. of the Agreement by the expiration of such Transition Period.  Except as so expressly admitted Defendant deny the allegations of this paragraph.

28.     Defendants admit that:  by March 22, 2013 MtGox had not deposited all Bitcoin and other funds of the MtGox customers that were the subject of the Agreement into an account or accounts controlled by CoinLab; MtGox did not do so because CoinLab was not compliant with those laws applicable to the Services that CoinLab was to provide under the Agreement; and, that any alleged "duty" on the part of MtGox to so deposit or transfer the Bitcoin and funds of the "CoinLab Customers" is void *ab initio* and not enforceable and/or was legally excused.  Except as so expressly admitted Defendants deny the allegations of this paragraph.

*Answer to First Amended Complaint - 9*
( 2:13-cv-00777-MJP)

29.     Defendants admit that section 2 of the Agreement set forth the operational responsibilities of MtGox under the Agreement.  Except as so expressly admitted Defendants lack knowledge or information sufficient to form a belief about the truth to the allegations of such paragraph and on such basis deny them.

30.     Defendants admit that Defendants ceased performing under the Agreement because CoinLab failed and refused to comply with the laws and regulations applicable to the Bitcoin exchange services it was to provide under the Agreement by the March 22, 2013 expiration of the Transition Period; and, that in light of CoinLab's failure the duties of Defendants under the Agreement are void *ab initio* and unenforceable and/or legally excused. Except as so expressly admitted, Defendants deny the allegations of this paragraph.

31.     Defendants admit that section 2.E. of the Agreement provided as follows:

"Before completion of the Transition Period, MtGox shall deliver all passwords, Yubikeys, administrative logins and any other security information required so that CoinLab may assume operation of the services under the terms of this Agreement."

Except as so expressly admitted Defendants deny the allegations of this paragraph.

32.     Defendants admit that: by March 22, 2013 MtGox had not delivered all passwords, Yubikeys, administrative logins and other security information so that CoinLab could assume operation of the Services for the MtGox customers that were to be transferred to CoinLab under the Agreements; MtGox did not make such deliveries because CoinLab was not compliant with those laws applicable to the Services that CoinLab was to provide under the Agreement; and, that any alleged duty on the part of MtGox in this regard is void *ab initio* and not enforceable and/or was legally excused.  Except as so expressly admitted Defendants deny the allegations of this paragraph.

*Answer to First Amended Complaint* - 10
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

33.     Defendants admit that section 2.G. of the Agreement set forth the duties of MtGox with respect to access to MtGox databases and other related records and data pertaining to any and all customer accounts to have been managed by CoinLab under the Agreement.  Except as so expressly admitted Defendants deny the allegations of this paragraph.

34.     Defendants admit that after allowing CoinLab some access to the MtGox customer database, MtGox stopped allowing CoinLab access to  MtGox's databases and other related records and data pertaining to the MtGox customers that were to be transferred to CoinLab under the Agreements, except that some access was allowed with respect to Coinbase and BitInstant customers.   MtGox stopped such access because CoinLab had failed to provide evidence that such customers had agreed to CoinLab's Terms of Service; and, CoinLab was not compliant with those laws applicable to the Services that CoinLab was to provide under the Agreement; and, that any alleged duty on the part of MtGox in this regard is void *ab initio* and not enforceable and/or was legally excused.  Except as so expressly admitted Defendants deny the allegations of this paragraph.

35.     Defendants admit that section 3.A., of the Agreement defined the term "CoinLab Customers" but deny that the allegations of this paragraph accurately characterize such provisions; Defendants admit that section 4.A. of the Agreement provided for the splitting of revenue that is "…derived from fees, commissions or other payment [sic] charged to CoinLab Customers in relation to the Services during the Term (a "**Revenue**"), …" but deny that the allegations of this paragraph accurately characterize such provisions.  Except as so expressly admitted Defendants deny the allegations of this paragraph.

36.     Defendants admit that:  MtGox stopped engaging in the splitting or sharing of

*Answer to First Amended Complaint* - 11
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

Revenue as called for under the Agreement; MtGox did so because CoinLab was not compliant with those laws applicable to the Services that CoinLab was to provide under the Agreement; and, that any alleged duty on the part of MtGox in this regard is void *ab initio* and not enforceable and/or was legally excused.  Except as so expressly admitted Defendants deny the allegations of this paragraph.

37.     Defendants admit that:  under the agreement the term "CoinLab Customers" meant "…all current and future users of the Services who are citizens of either the United States of America or Canada or that can be identified as such from identification documents provided to Mt. Gox or CoinLab."; the Agreement provided for a Transition Period that is to expire on March 22, 2013; and, under the Agreement MtGox and CoinLab were to cooperate in transferring the Liquidity Funds as defined in section 3.C. of the Agreement by the expiration of the Transition Period.  Except as so expressly admitted Defendant deny the allegations of this paragraph.

38.     Defendants admit that: MtGox did not  transfer or "deposit" Bitcoins and other funds of the MtGox customers that were to be transferred to CoinLab under the Agreement into an account or accounts controlled by CoinLab; MtGox did not do so because CoinLab was not compliant with those laws applicable to the Services that CoinLab was to provide under the Agreement; and, that any alleged duty on the part of MtGox to so deposit or transfer the Bitcoin and funds is void *ab initio* and not enforceable and/or was legally excused.  Except as so expressly admitted Defendants deny the allegations of this paragraph.

39.     Defendants admit that section 4.B. of the Agreement set forth the parties' duties with respect to reconciling revenue and customer trade imbalances; and, deny that the allegations in paragraph 39 accurately set forth the duties reflected in section 4.D.  Except as so expressly

*Answer to First Amended Complaint* - 12
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

admitted Defendants deny the allegations of this paragraph.

40.     Defendants admit that MtGox and CoinLab engaged in the process called for under the Agreement for the reconciling of revenue and customer trade imbalances up through approximately March 2013; MtGox stopped engaging in that process because CoinLab was not compliant with those laws applicable to the Services that CoinLab was to provide under the Agreement; and, that any alleged duty on the part of MtGox in this regard is void *ab initio* and not enforceable and/or was legally excused.  Except as so expressly admitted Defendants deny the allegations of this paragraph.

41.     Defendants admit that section 5.E. of the Agreement set forth the duties of the parties with respect to post-termination receipt of trailing revenues.  Except as so expressly admitted Defendants deny the allegations of this paragraph and further deny that it accurately sets forth the provisions of section 5.E.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Defendants re-allege and reincorporate their responses to paragraphs 1-45 above as if fully set forth herein.

47.     Denied.

48.     Defendants deny that they breached the Agreement in any manner, including the manner set forth in paragraph 48, subparagraphs B [sic] through I.  Defendants further allege that any alleged duties to perform any of the acts referred to paragraph 48 are void *ab initio* and not

*Answer to First Amended Complaint* - 13
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

enforceable and any alleged failure to perform them was excused because of CoinLab's prior breaches and/or failures to perform and/or failure of consideration.

49.     Defendants deny the allegations of this paragraph and further deny that CoinLab has suffered actual damages or any damages in any amount, or at all.

50.     Defendants re-allege and reincorporate their responses to paragraphs 1-49, above, as if fully set forth herein.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on such basis deny them.

52.     Defendants deny that they breached the Agreement in any manner, including the manner set forth in paragraph 52, subparagraphs A through H.  Defendants further allege that any alleged duties to perform any of the acts referred to paragraph 52 are void *ab initio* and not enforceable and any alleged failure to perform them was excused because of CoinLab's prior breaches and/or failures to perform and/or failure of consideration.

53.     Defendants deny the allegations of this paragraph and further deny that CoinLab has suffered actual damages or any damages in any amount, or at all.

54.     Defendants re-allege and reincorporate their responses to paragraphs 1-53, above, as if fully set forth herein.

55.     Defendants admit that in February 2013 counsel for CoinLab notified MtGox that CoinLab was going to exercise its audit rights under the Agreement; however, CoinLab did not pursue such audit and Defendants are informed and believe that CoinLab did not so proceed because Defendants provided the information then being requested by CoinLab.  Except as so expressly admitted, Defendants lack knowledge or information sufficient to form a belief about

*Answer to First Amended Complaint* - 14
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

1    the truth of the allegations and on such basis deny them.

2          56.    Defendants deny the allegations in this paragraph in that MtGox did provide the

3    information requested by CoinLab''s counsel in February 2013, or, at a minimum, provided

4    information that was sufficient to CoinLab and/or its counsel.  Defendants further allege that the

5    duties called for under the Agreement and which are referred to in this paragraph are void *ab*

6    *initio* and unenforceable and any alleged breaches of such duties were excused because of

7    CoinLab's prior breaches and/or failures to perform and/or failure of consideration.

8          57.    Defendants lack knowledge or information sufficient to form a belief about the

9    truth of the allegations and on such basis deny them.

10         58.    Defendants re-allege and reincorporate their responses to paragraphs 1-57, above,

11   as if fully set forth herein.

12         59.    Defendants admit that: in para. 3a of the September 9 Counterclaim they are

13   requesting the Court to "…adjudge, decree, declare and order that the Agreement is void *ab initio*

14   and unenforceable…"; and,  in para 3b of the  September 9 Counterclaim they are requesting the

15   Court to "...enter judgment that the Agreement has been rescinded...".  Defendants further admit

16   that they have rescinded the Agreement by notice and amended notice.

17         60.    Defendants admit that CoinLab "...specifically denies that the Agreement is void

18   and/or  unenforceable or that the Agreement has been rescinded...". As to the second sentence,

19   Defendants admit that CoinLab purports to assert a claim for restitution;  Defendants deny that

20   CoinLab has asserted a proper claim for restitution, deny that that CoinLab is entitled to any relief

21   of the type alleged in this paragraph, or at all, and denies that CoinLab is entitled to any recovery

22   against Defendants, either by way of restitution or otherwise.

*Answer to First Amended Complaint* - 15
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

61.     Responding to the allegations at page 11, lines 25-26 and at page 12, lines 1-12 of the First Amended Complaint, Defendants deny that: CoinLab is entitled to any judgment in its favor; CoinLab has been damaged in any amount, or at all; or, that CoinLab is entitled to any relief from this Court, either by way of restitution or any other theory.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

62.     As a first affirmative defense to the Frist Amended Complaint and to each cause of action, Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Illegality)

63.     As a second affirmative defense to the First Amended Complaint and to each cause of action, Defendants allege that because CoinLab was not, and is not, registered or licensed under applicable money services business and/or money transmitter business ("MTB") statutes the Agreement is illegal, void *ab initio* and unenforceable; and, as set forth in the September 10 Counterclaim has been rescinded.

## THIRD AFFIRMATIVE DEFENSE

### (Failure of Consideration)

64.     As a third affirmative defense to the First Amended Complaint and to each cause of action, Defendants allege that because CoinLab was not, and is not, registered or licensed under applicable money services business and/or MTB statutes there is a failure of consideration and the Agreement; and, as set forth in the September 10 Counterclaim, has been rescinded.

*Answer to First Amended Complaint* - 16
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

## FOURTH AFFIRMATIVE DEFENSE

### (Material Breach)

65.     As a fourth affirmative defense to the First Amended Complaint and to each cause of action, Defendants allege that because CoinLab was not, and is not, registered or licensed under applicable money services business and/or MTB statutes there has been a material breach and the Agreement; and, as set forth in the September 10  Counterclaim has been rescinded.

## FIFTH AFFIRMATIVE DEFENSE

### (Fraud)

66.     As a fifth affirmative defense to the First Amended Complaint and to each cause of action, Defendants allege that CoinLab made an express promise that it would "…operate the Services in the Territory in compliance with all applicable laws…", which laws included the MTB laws and regulations of the states in which MtGox had customers and that when it made such promise CoinLab had no intent to be so compliant; and, as set forth in the September 10 Counterclaim the Agreement has been rescinded.

## SIXTH AFFIRMATIVE DEFENSE

### (Mistake)

67.     As a sixth affirmative defense to the First Amended Complaint and to each cause of action, Defendants allege that the Agreement was entered into by virtue of mistake; and, as set forth in the September 10 Counterclaim the Agreement has been rescinded.

## SEVENTH AFFIRMATIVE DEFENSE

### (Excuse of Performance)

68.     As a seventh affirmative, and alternative, defense to the First Amended Complaint and to each cause of action, and without waiving that the Agreement is void *ab initio,*

*Answer to First Amended Complaint* - 17
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

unenforceable and/or rescinded, if the Court determines that the Agreement is not void *ab initio*, unenforceable and/or rescinded, Defendants allege that any performance on their part alleged to be due by virtue the Agreement is excused by virtue of CoinLab's breaches and/or failure of consideration of the Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Perform Obligations)

69.     As an eighth affirmative, and alternative, defense to the First Amended Complaint and to each cause of action, and without waiving that the Agreement is void *ab initio*, unenforceable and/or rescinded, if the Court determines that the Agreement is not void *ab initio*, unenforceable and/or rescinded Defendants allege that any alleged failure of Defendants to perform their obligations resulted from CoinLab's failure to perform its obligations, and the performance on CoinLab's part of its obligations was a condition precedent to, or a condition concurrent with, the performance of Defendants' obligations.

## NINTH AFFIRMATIVE DEFENSE

### (Impossibility)

70.     As a ninth affirmative, and alternative, defense to the First Amended Complaint and to each cause of action, and without waiving that the Agreement is void *ab initio*, unenforceable and/or rescinded, if the Court determines that the Agreement is not void *ab initio*, unenforceable and/or rescinded Defendants allege that the performance on Defendants' part was excused and/or extinguished because of impossibility.

*Answer to First Amended Complaint* - 18
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Termination)

3      71.     As a tenth affirmative, and alternative, defense to the First Amended Complaint

4    and to each cause of action, and without waiving that the Agreement is void *ab initio*,

5    unenforceable and/or rescinded, if the Court determines that the Agreement is not void *ab initio*,

6    unenforceable and/or rescinded Defendants allege that the Agreement has been terminated and

7    any performance on Defendants' part is excused and/or extinguished.

8

9

## ELEVENTH AFFIRMATIVE DEFENSE

10

### (Estoppel)

11      72.     As an eleventh affirmative, and alternative, defense to the First Amended

12    Complaint and to each cause of action, and without waiving that the Agreement is void *ab initio*,

13    unenforceable and/or rescinded, if the Court determines that the Agreement is not void *ab initio*,

14    unenforceable and/or rescinded, Defendants allege that CoinLab's claims are barred by the

15    doctrine of estoppel.  Among other things, CoinLab represented, promised and warranted to be

16    compliant with all laws and regulations applicable to the Bitcoin exchange services it was to

17    provide under the Agreement; Defendants relied on such representations, promises and warranties

18    in entering into the Agreement and would not have entered into the Agreement had they known

19    that CoinLab was not so compliant and would not be so compliant.  In addition, CoinLab

20    represented, promised and agreed to perform other acts which Defendants relied upon and

21    CoinLab is estopped to claim one or more of the alleged breaches because of CoinLab's failure to

22    perform them As a result of these facts and others, CoinLab is estopped to assert the claims

23    alleged in the Complaint.

24

25

26

*Answer to First Amended Complaint* - 19
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

73.     As an twelfth affirmative, and alternative, defense to the First Amended Complaint and to each cause of action, and without waiving that the Agreement is void *ab initio*, unenforceable and/or rescinded, if the Court determines that the Agreement is not void *ab initio*, unenforceable and/or rescinded, Defendants allege that CoinLab's claims are barred by the doctrine of waiver.  Among other things, by promising, representing and warranting to be compliant with all laws and regulations applicable to the Bitcoin exchange services it was to provide under the Agreement.  And, in section 9 of the Agreement CoinLab expressly waived the claims for damages it is asserting in this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Liquidated Damages Clause Void and Unenforceable)

74.     As a thirteenth affirmative, and alternative, defense to the First Amended Complaint and to each cause of action, and without waiving that the Agreement is void *ab initio*, unenforceable and/or rescinded, if the Court determines that the Agreement is not void *ab initio*, unenforceable and/or rescinded, Defendants allege that liquidated damages provisions of section 1.K., of the Agreement are void and unenforceable.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Damages Barred by Section 9 of the Agreement)

75.     As a fourteenth affirmative, and alternative, defense to the First Amended Complaint and to each cause of action, and without waiving that the Agreement is void *ab initio*, unenforceable and/or rescinded, if the Court determines that the Agreement is not void *ab initio*, unenforceable and/or rescinded, Defendants allege that CoinLab's claim for damages are barred

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

by section 9 of the Agreement which prohibits CoinLab from seeking "indirect, incidental or consequential damages in connection with this Agreement, including, without limitation damages relating to the loss of profits, income or goodwill, even if aware of the possibility of such damages."

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

76.     As a fifteenth affirmative, and alternative, defense to the First Amended Complaint and to each cause of action, and without waiving that the Agreement is void *ab initio*, unenforceable and/or rescinded, if the Court determines that the Agreement is not void *ab initio*, unenforceable and/or rescinded, Defendants allege that Plaintiff's claims are barred by the doctrines of unclean hands and/or inequitable conduct.

WHEREFORE, Defendants pray that this Court enter judgment in favor of Defendants as follows:

1.     That Plaintiff take nothing by reason of its complaint and that judgment be entered in favor of Defendants;

2.     That the Court declare and adjudge that the Agreement is void, unenforceable and of no legal effect, all as further set out in the September 10 Counterclaim;

3.     That Defendants be awarded their costs of suit incurred in defense of this action;

4.     That Defendants be awarded their reasonable attorneys' fees; and,

*Answer to First Amended Complaint* - 21
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789

1

    5.      For such other and further relief as the Court deems just and proper.

2

    DATED this 9th day of December, 2013.

3

4

                   BAKER & MCKENZIE LLP

                   (Admitted *pro hac vice*)

5

                        Tod L. Gamlen

                        Daniel G. Valles

6

                        Baker & McKenzie LLP

                        660 Hansen Way

7

                        Palo Alto, CA 94304

                        Telephone:  (650) 856-2400

8

                        Facsimile:  (650) 856-9299

9

                        Email:  Tod.Gamlen@bakermckenzie.com;

                                   daniel.valles@bakermckenzie.com

10

11

                 HILLIS CLARK MARTIN & PETERSON P.S.

12

                 By      s/ Louis D. Peterson

                        Louis D. Peterson, WSBA #5776

13

                        Joseph B. Genster, WSBA #14968

                        Hillis Clark Martin & Peterson P.S.

14

                        1221 Second Avenue, Suite 500

                        Seattle WA 98101-2925

15

                        Telephone:  (206) 623-1745

                        Facsimile:  (206) 623-7789

16

                        Email:  ldp@hcmp.com; jbg@hcmp.com

17

                 Attorneys for Defendants

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on the 9th day of December, 2013, I electronically filed the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4

to the following:

5

6

Lindsey N Godfrey - lngodfrey@susmangodfrey.com,ahightower@susmangodfrey.com

7

Edgar Guy Sargent - esargent@susmangodfrey.com,ahightower@susmangodfrey.com

8

9

Floyd G Short - fshort@susmangodfrey.com,ahightower@susmangodfrey.com

10

Roger M Townsend - rtownsend@bjtlegal.com,mvizzare@bjtlegal.com,admin@bjtlegal.com

11

12

DATED this 9th day of December, 2013 at Seattle, Washington.

13

14

15

16

By___s/ Louis D. Peterson_____
    Louis D. Peterson, WSBA #5776
    1221 Second Avenue, Suite 500
    Seattle WA 98101-2925
    Telephone:  (206) 623-1745
    Facsimile:  (206) 623-7789
    Email:  ldp@hcmp.com

17

18

19

20

21

22

23

24

25

26

*Answer to First Amended Complaint* - 23
( 2:13-cv-00777-MJP)

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 623-1745 | Fax: (206) 623-7789