The Honorable Chief Judge Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

COINLAB, INC., a Delaware Corporation

Plaintiffs,

v.

MT. GOX KK, a Japanese corporation and
TIBANNE KK, a Japanese corporation.

Defendants.

Case No. 2:13-cv-00777-MJP

**COINLAB, INC.'S RESPONSE TO MT. GOX KK'S MOTION TO STAY ENTIRE ACTION**

**ORAL ARGUMENT REQUESTED**

REDACTED

*COINLAB'S RESPONSE TO MT. GOX'S MOTION TO STAY*
*Case No. 2:13-cv-00777*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

# **TABLE OF CONTENTS**

I. Introduction ........................................................................................................... 1

II. Statement of Facts ................................................................................................ 2

    A. Tibanne's Dominance of Mt. Gox And Control Over Key Discovery Data ........................................................................................................... 2

    B. Tibanne's Role as a Party to the Agreement .................................................. 2

III. Argument ............................................................................................................. 3

    A. The Automatic Stay Does Not Support the Suspension of Proceedings Against Tibanne ............................................................................................. 3

    B. Allowing this Suit to Proceed Promotes Efficiency and Will Not Require Excessive Relitigation of Factual or Legal Issues ............................. 5

    C. None of the Cases Cited by Mt. Gox Compels the Court to Stay the Entire ............................................................................................................. 9

IV. Conclusion ......................................................................................................... 10

*COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY*
*Case No. 2:13-cv-00777*
*Page i*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

# **TABLE OF AUTHORITIES**

**Cases**

*A.H. Robins Co. v. Piccinin*,
 788 F.2d 994 (4th Cir. 1986) .................................................................................. 4

*All American Heating, Inc.*,
 No. C05-1962P, 2007 WL 1521225 (W.D. Wash. May 22, 2007) ............................. 9

*Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*,
 682 F.2d 446 (3d Cir.1982) ...................................................................................... 4

*Beardsley v. All American Heating, Inc.*,
 No. C05-1962P, 2007 WL 1521225 (W.D. Wash. May 22, 2007) ......................... 5, 9

*Gonzalez v. Planned Parenthood of Los Angeles*,
 No. CV 05-008818 AHM, 2011 WL 2533089 (C.D. Cal. June 27, 2011) ................... 6

*In re Chugach Forest Prods., Inc.*,
 23 F.3d 241 (9th Cir. 1994) ............................................................................. 4, 5, 8

*Lewis v. Russell*,
 No. CIV. S-03-2646 WBS KJM, 2009 WL 1260290 (E.D. Cal. May 7, 2009) ... passim

*Maritime Elec. Co., Inc. v. United Jersey Bank*,
 959 F.2d 1194 (3d Cir. 1991) .................................................................................. 4

*Martin–Trigona v. Champion Fed. Sav. & Loan Assoc.*,
 892 F.2d 575 (7th Cir.1989) .................................................................................... 4

*Mediterranean Enters., Inc. v. Ssanyong Corp.*,
 708 F.2d 1458 (9th Cir. 1983) ................................................................................. 5

*Parker v. Bain*,
 68 F.3d 1131 (9th Cir. 1995) ............................................................................... 4, 5

*Roberts v. We Love Country Inc.*,
 No. Civ.A. 04-CV-5631, 2005 WL 2094843 (E.D. Pa. Aug. 29, 2005) ..................... 9

*United States v. Dos Cabezas Corp.*,
 995 F.2d 1486 (9th Cir. 1993) ................................................................................. 4

*COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY*
*Case No. 2:13-cv-00777*
*Page ii*
3114461v1/013730

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

# I. Introduction

On November 22, 2012, Coinlab, Inc. ("Coinlab") entered into an Exclusive License Agreement ("Agreement") with Mt. Gox KK ("Mt. Gox") and Tibanne KK ("Tibanne") (collectively "Defendants"), under which Coinlab was to assume exclusive responsibility for North American operations of Mt. Gox and Tibanne's online exchange for the virtual currency bitcoin. *See* Declaration of Kristin Malone In Opposition to MtGox KK's Motion For Stay, March 31, 2014 ("Malone Decl."), Exhibit 1. CoinLab brought this suit to remedy breaches of the Agreement by Mt. Gox and Tibanne.

From the outset, Mt. Gox and Tibanne have resisted disclosure of essential information about their business operations. Despite the contractual obligation to share their exchange-related data, Defendants balked at nearly every request made by Coinlab for access to Mt. Gox and Tibanne's databases, records, and other customer information. During discovery in this litigation, Defendants have continued the same pattern, obscuring the details of their operations, corporate relationships, and business data, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* Malone Decl., Exhibit 2, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Additional discovery from Tibanne while the claims against Mt. Gox are stayed could help clear this fog. Nevertheless, Mt. Gox continues in its efforts to hinder discovery and prevent transparency by seeking a stay of this entire litigation.

Two Courts have already rejected Mt. Gox's request for the relief it seeks here. In its Chapter 15 proceeding in Dallas, Texas, the Bankruptcy Court denied Mt. Gox's request for a stay protecting Tibanne from having to defend U.S. litigation. Subsequently, Mt. Gox sought a stay of claims against Tibanne in a class action in Federal Court in Chicago and that request too was denied (and a TRO issued freezing all of Tibanne's United States assets was granted). Contrary to the position taken by Mt. Gox in all three courts, no stay is necessary to promote judicial economy or to protect the Mt. Gox bankruptcy estate. On the contrary, granting Mt.

*COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY*
*Case No. 2:13-cv-00777*
*Page 1*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

Gox's request would unnecessarily delay this litigation, where substantial discovery can be taken and issues resolved without prejudice to Mt. Gox.

## II. Statement of Facts

**A.    Tibanne's Dominance of Mt. Gox And Control Over Key Discovery Data.**

Tibanne is the corporate parent and majority shareholder of Mt. Gox. Most of the assets used in the Mt. Gox exchange apparently belong to Tibanne and virtually all of the employees doing work for the "Mt. Gox bitcoin exchange" are, in fact, Tibanne employees. Based on the facts developed in discovery to date, it is not clear that the corporate form purportedly distinguishing Mt. Gox from Tibanne should be recognized as a matter of law.

█████████████████████████████████████████. Malone Decl., Exhibit 2, █████████████████████████. *See id.* at 13-15, 28, 36-46. ██████████████████████████████ *See* to Malone Decl., Exhibits 3-5. ███████████████████, Coinlab believes that these employees are paid by Tibanne for their work on the Mt. Gox exchange. *See id.* Coinlab also believes that discovery is likely to show that customer information, financial data, correspondence, and other records for both Defendants are stored on Tibanne's servers and/or on premises owned or leased by Tibanne.

In this context, Tibanne unquestionably has "custody and control" over data, documents, and other information crucial to this case. Discovery of this information can continue without prejudice to Mt. Gox while the bankruptcy stay remains in force.

**B.    Tibanne's Role as a Party to the Agreement**

Tibanne agreed to enter into the Agreement ███████████████████████████████████████████████████████████████████████ *See* Malone Decl., Exhibits. 3-5. ███████

*COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY*
*Case No. 2:13-cv-00777*
*Page 2*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

1 ██████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████████

5 ██████████████████████████████████████████████████████████

████ *See* Malone Decl., Exhibit 5. Discovery has not yet revealed the extent of Tibanne's involvement in (and ownership of) the Mt. Gox bitcoin exchange. This is one of the key areas CoinLab intends to explore in its pending deposition of Tibanne/Mt.Gox CEO Mark Karpeles. Such evidence is relevant to several issues in the case, including the party ultimately responsible for breaching the exclusivity provisions at the heart of the contract.

In its brief supporting this motion, Mt. Gox argues that it and it alone is responsible for the majority of the breaches alleged in the Complaint. *See, e.g.*, Motion of Mt. Gox to Stay Entire Action at 11-12. This case is not so simple. Tibanne's signature to the Agreement was not a mere formality—as discussed above, the parties actively negotiated the need for Tibanne to be bound by the contract. Tibanne is explicitly bound by the central promise in the Agreement—its exclusivity provision. CoinLab has alleged that *both* Defendants breached this provision and Tibanne's liability is not derived from or dependent on Mt. Gox's in any way. Statements in Mt. Gox's moving brief attempting to minimize Tibanne's role are simply lawyer's argument, not evidence, and appear to be contradicted by the testimony and documentary evidence cited above. In any case, CoinLab is entitled to test these assertions in discovery and CoinLab can effectively and efficiently do so through requests to Tibanne at the same time that litigation against Mt. Gox has been stayed.

### III.  Argument

**A. The Automatic Stay Does Not Support the Suspension of Proceedings Against Tibanne**

The Ninth Circuit has clearly observed the "general rule" that,

*COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY*  
*Case No. 2:13-cv-00777*  
*Page 3*

SUSMAN GODFREY L.L.P.  
1201 Third Avenue, Suite 3800  
Seattle, WA 98101-3000  
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

> [T]he automatic stay of section 362(a) [of the Bankruptcy Code] protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor.

*In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (internal quotations omitted) (alterations omitted). Indeed, in *Parker v. Bain*, 68 F.3d 1131 (9th Cir. 1995), the Ninth Circuit recognized that "[m]ultiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." *Id.* at 1137 (quoting *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1991)). In *Maritime Electric*, the Third Circuit explained that the automatic stay cannot be made "available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." *Id.* at 1205.

Although the automatic stay is broad in terms of the scope of proceedings affected by the stay, its effects should be limited to providing the debtor "a breathing spell from creditors" and to limiting creditors' ability to act unilaterally to collect from the debtor to the detriment of the debtor's other creditors. *Id.* at 1204; *see also Martin–Trigona v. Champion Fed. Sav. & Loan Assoc.*, 892 F.2d 575, 577 (7th Cir.1989); *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982). Extending the stay to others liable for the same obligations as the debtor "would not advance the aims of the bankruptcy scheme: it would neither promote reorganization nor protect the [debtor's] other creditors." *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1492 (9th Cir. 1993).

Some courts have held that an automatic stay may be extended to third parties in certain "unusual circumstances." *See, e.g.*, *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). That test would apply to extend the stay to third parties "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a

*COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY*
*Case No. 2:13-cv-00777*
*Page 4*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

judgment or finding against the debtor." *Id.* However, Ninth Circuit authority indicates that any such "unusual circumstances" must be found by the Bankruptcy Court—not the District Court. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1096 ("[S]tays under the doctrine, [are] in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." (internal quotation marks omitted)); *Chugach*, 23 F.3d at 247; *see also Beardsley v. All American Heating, Inc.*, No. C05-1962P, 2007 WL 1521225 (W.D. Wash. May 22, 2007) (declining to consider the parties' "unusual circumstances" arguments as a basis for granting a stay as to non-bankrupt defendants). Moreover, the Ninth Circuit has recognized that "[w]here a nondebtor has obligations that are 'independent' and primary, not derivative of those of the debtor, the [unusual circumstances] exception simply does not apply." *Chugach*, 23 F.3d at 247.

This litigation is a multiparty suit in which the non-debtor, Tibanne, has "independent" and "primary" obligations under the Agreement—including its obligations under the exclusivity provision. In light of the scope and purpose of the automatic stay, both the Bankruptcy Court and the Northern District of Illinois, considering arguments in favor of extending the scope of the stay, have allowed proceedings to go forward against Tibanne and Mr. Karpeles. *See* Malone Decl., Exhibit 6 (granting TRO and issuing a stay only as to Mt. Gox). As described in *Parker*, this court can and should "disaggregate" Coinlab's claims against Tibanne and permit the litigation between these two non-bankrupt parties to proceed.

**B. Allowing this Suit to Proceed Promotes Efficiency and Will Not Require Excessive Relitigation of Factual or Legal Issues**

This Court has the authority to stay litigation where it determines that a stay is "efficient for its own docket and the fairest course for the parties." *Mediterranean Enters., Inc. v. Ssanyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). However, a stay is not always the right course, even where one of several defendants has declared bankruptcy. For example, the Central District of California recently denied a motion to stay where one of several

COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY
Case No. 2:13-cv-00777
Page 5

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

affiliated defendants declared bankruptcy. *Gonzalez v. Planned Parenthood of Los Angeles*, No. CV 05-008818 AHM, 2011 WL 2533089 (C.D. Cal. June 27, 2011). In that case, the Court reasoned that "[t]he allegations against the [non-bankrupt] entities [could] be tried and resolved without requiring the presence of the debtor." *Id.* at *2. The Court determined that "[t]he interests of the plaintiff, persons not parties to the case, and the public all counsel in favor of expeditious resolution," and that "[t]he Court's interest in managing its docket" counseled in favor of moving forward as to the non-bankrupt parties. *Id.*

As in *Gonzalez*, the allegations against the non-bankrupt defendant in these proceedings can be resolved without the participation of the bankrupt entity. Indeed, in its Motion, Mt. Gox recognizes that Tibanne is subject to differing obligations and measures of liability from Mt. Gox. *See* Mt. Gox's Motion to Stay at 4-5. Moreover, Coinlab can obtain substantial discovery from Tibanne notwithstanding the stay against Mt. Gox, especially since Coinlab seeks little discovery from Mt. Gox that is not likely also to be in the possession, custody, or control of Tibanne.

Despite its recitation of the various types of discovery sought by Coinlab, Mt. Gox has not explained how proceeding with discovery from Tibanne produces "insoluble discovery issues." As a preliminary matter, Mt. Gox does not explain what constitutes an "insoluble discovery issue," but it cites *Lewis v. Russell*, No. CIV. S-03-2646 WBS KJM, 2009 WL 1260290 (E.D. Cal. May 7, 2009) as the source of the term. In *Lewis*, the Court was faced with a group of defendants interested in reducing their apportionment of CERCLA liability by shifting blame on to their co-defendants, including the debtor. The Court made clear that "[i]n general, parties may seek discovery from a debtor on matters related to claims against non-debtor parties," and found the discovery issues to be "insoluble" only "[b]ecause of the inter-related and dependent nature of the claims in [that] case." *Id.* at *3-*4. The Court's concern was that all of the co-defendants had the potential to benefit from shifting a fixed amount of liability onto the debtor's "orphan share." *Id.* at *3. Here, where each party is

*COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY*  
*Case No. 2:13-cv-00777*  
*Page 6*

SUSMAN GODFREY L.L.P.  
1201 Third Avenue, Suite 3800  
Seattle, WA 98101-3000  
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

subject to independent obligations under the contract, the concerns expressed in *Lewis* are absent.

For example, Mt. Gox fails to explain why the deposition of Mark Karpeles would create an insoluble issue. It has produced no authority for its implicit assertion that a director of a bankrupt entity should be excused from his corporate responsibilities related to other businesses where he is an executive (and owner.). *See* Mt. Gox's Motion to Stay at 10. Coinlab does not seek Karpeles' "full time and attention," (see *id.*); it merely seeks two seven-hour days to obtain discovery previously agreed to by Tibanne. *See* Malone Decl., Exhibit 7.

Coinlab also seeks discovery from Baker & McKenzie, which has served as corporate counsel to Mt. Gox and Tibanne. Mt. Gox and Tibanne's primary defense to Coinlab's claims has been the allegation that the Agreement is *void ab initio* as a result of CoinLab's failure to comply with state and federal regulations applicable to the parties' bitcoin-exchange business. *See* Defendants' Answer to Coinlab's First Amended Complaint, Dkt. # 31 at 3. According to the Defendants, their position on this issue originated with advice they received from Baker & Mackenzie, advice that Tibanne repeatedly cited and even quoted to CoinLab in various communications. CoinLab seeks discovery from Baker & Mackenzie in order to determine the basis for its conclusions.

On March 14, 2014, Coinlab's counsel advised Defendants' counsel at Baker & McKenzie that it intended to serve a subpoena to the firm seeking discovery regarding that representation. Specifically, Coinlab has served narrowly tailored requests related to advice that Mark Karpeles disclosed to Coinlab's CEO, Peter Vessenes, in a March 2013 email sent from Mr. Karpeles' tibanne.com email address and signed in his capacity as CEO of Tibanne. *See* Declaration of Tod Gamlen in Support of Mt. Gox's Motion to Stay, Exhibit 11. This discovery is integrally related to Tibanne's primary defense in this suit, and Coinlab's continued pursuit of this discovery does not violate the stay against Mt. Gox or unduly prejudice Mt. Gox's interests.

*COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY*
*Case No. 2:13-cv-00777*
*Page 7*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

1    Mt. Gox also argues that even permitting access to its database would constitute a violation of the bankruptcy stay. *See* Mt. Gox's Motion to Stay at 11-12. This attempt to expand the stay to prohibit any interaction at all with property belonging to the Debtor has been rejected by the Ninth Circuit. *See, e.g.*, *Chugach*, 23 F.3d at 245 (finding that the arrest of a vessel containing property of the debtor did not violate the automatic stay.) The purpose of the automatic stay is to prevent dismemberment of the estate, *id.*, not prevent access to information relevant to claims against a non-debtor. *Lewis*, 2009 WL 1260290 at *3-*4. Discovery of the data will not reduce the value of the Mt. Gox bankruptcy estate one iota. Characterizing the data as "belonging" to Mt. Gox (a claim that has not been proved and that appears to be contradicted by evidence developed in discovery to date), does not prohibit any investigation into or review of that data. On the contrary, Tibanne employees apparently have had regular access to this data as part of their ongoing duties working on behalf of Mt. Gox. Permitting these same Tibanne employees to access this same data in discovery in this litigation does no injury to Mt. Gox or to its bankruptcy estate. Indeed, permitting the non-bankrupt parties to continue discovery promotes efficiency and judicial economy, and will almost certainly reduce the time to trial once the automatic stay is lifted.

Many of the issues Mt. Gox suggests will need to be relitigated are not at issue with respect to Coinlab's claims against Tibanne and need not be addressed while the case against Mt. Gox is stayed. For example, Coinlab and Tibanne would have no reason to litigate "[w]hether the liquidated damages clause of Section 1.K. is unenforceable" if, as Mt. Gox alleges, Tibanne is not bound by that provision. *See* Mt. Gox's Motion to Stay at 4-5, 9. The same is true for the issue of "[w]hether MtGox breached the provisions of sec 1.F.1. of the Agreement, which is a requirement for the imposition of liquidated damages." *See* Mt. Gox's Motion to Stay at 10. On the issue of "[w]hether MtGox KK or Tibanne KK breached the provisions of the Agreement," any allegations of breach must be proved as to each defendant—regardless of whether or not the issues are brought to trial together or whether

COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY
Case No. 2:13-cv-00777
Page 8

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

they are addressed separately. *See id.* Although there will be some inevitable overlap between the two sets of proceedings, Mt. Gox overstates the extent of the associated burden and ignores the potential for ongoing proceedings to streamline the key issues in the case.

**C.     None of the Cases Cited by Mt. Gox Compels the Court to Stay the Entire Suit**

Mt. Gox mistakenly implies that other Courts' discretionary decisions should influence this Court's independent analysis of the facts of this case and the efficiency of its own docket. Mt. Gox relies heavily on this Court's decision in *Beardsley v. All American Heating, Inc.*, No. C05-1962P, 2007 WL 1521225 (W.D. Wash. May 22, 2007). However, in that case, <u>all parties to the suit agreed to the stay</u>, and yet this Court proceeded to carefully weigh the interests of the parties and the public in determining the propriety of the stay. *Id.* at *2-*3. As with every motion for a discretionary stay, the Court in this case must evaluate the unique facts of the case before it, but here especially, Coinlab's opposition to Mt. Gox's Motion serves as an obvious factor distinguishing this case from *Beardsley*.

Mt. Gox also relies on out-of-circuit case law that is inconsistent with the precedent of this Circuit. For example, Mt. Gox relies upon *Roberts v. We Love Country Inc.*, No. Civ.A. 04-CV-5631, 2005 WL 2094843 (E.D. Pa. Aug. 29, 2005), a Pennsylvania case analyzed using the "unusual circumstances" exception to the automatic stay provision that the Ninth Circuit has declined to adopt. *Id.* at * 2; *see also Beardsley*, 2007 WL 1521225 at *2 (declining to extend an automatic stay based on "unusual circumstances" claims).

Finally, Mt. Gox argues that proceeding with this case against Tibanne would require the Court to violate the automatic stay by considering Mt. Gox's liability, analogizing this suit to *Lewis v. Russell*, No. CIV. S-03-2646 WBS KJM, 2009 WL 1260290 (E.D. Cal. May 7, 2009). But *Lewis* was a CERCLA-cleanup case where the Court's task was to allocate responsibility among a number of liable parties. In such a case, the claims against the bankrupt defendant could not "be meaningfully excised from the litigation—as long as the litigation move[d] forward, the court [would] have to make findings as to the [debtor's]

*COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY*
*Case No. 2:13-cv-00777*
*Page 9*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

1 | potential liability in order to allocate shares of liability to all the other parties." *Id.* at *3. The Court is faced with no such task in this case. Coinlab's claims that Tibanne breached the Agreement and is liable for damages can be analyzed without impact on questions of Mt. Gox's liability or responsibility for damages.

### **IV.** **Conclusion**

Coinlab respectfully requests that the Court deny Mt. Gox's Motion to Stay the Entire Action, as doing so would be inconsistent with the purposes of the Bankruptcy Court's automatic stay and unnecessary for the promotion of efficiency or judicial economy.

Dated: March 31, 2014

BRESKIN JOHNSON & TOWNSEND PLLC

By: */s/ Roger M. Townsend*
Roger M. Townsend, WSBA No. 25525
Breskin Johnson & Townsend PLLC
1111 Third Avenue, Suite 2230
Seattle, WA 98101
rtownsend@bjtlegal.com
Phone: (206) 652-8660
Fax: (206) 652-8290

SUSMAN GODFREY LLP
By: */s/ Edgar Sargent*
Edgar Sargent, WSBA No. 28283
By: */s/ Floyd Short*
Floyd Short, WSBA No. 21632
By: */s/ Lindsey Godfrey Eccles*
Lindsey Godfrey Eccles, WSBA No. 33566
By: */s/ Kristin Malone*
Kristin Malone, WSBA No. 46251
Susman Godfrey LLP
1201 3rd Ave Ste 3800
Seattle, WA 98101-3087
esargent@susmangodfrey.com
fshort@susmangodfrey.com
leccles@susmangodfrey.com
kmalone@susmangodfrey.com
Phone: (206) 516-3895
Fax: (206) 516-3883

Attorneys for Plaintiff CoinLab, Inc.

*COINLAB'S RESPONSE TO MT GOX'S MOTION TO STAY*
*Case No. 2:13-cv-00777*
*Page 10*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730

# CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who have registered for electronic notifications, and I caused the foregoing to be served upon the following by email:

Tod L Gamlen: Tod.Gamlen@bakermckenzie.com

Joseph B. Genster: jbg@hcmp.com

Louis David Peterson: ldp@hcmp.com

Daniel G Valles: daniel.valles@bakermckenzie.com


Dated: March 31, 2014            By: */s/ Lindsey Godfrey Eccles*

*CERTIFICATE OF SERVICE*
*Case No. 2:13-cv-00777*
*Page 1*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3114461v1/013730