THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COINLAB, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MT. GOX KK, a Japanese corporation, and TIBANNE KK, a Japanese corporation,<br><br>Defendants. | No. 2:13-cv-00777-MJP<br><br>**REPLY DECLARATION OF TOD L. GAMLEN IN SUPPORT OF MOTION TO STAY ENTIRE ACTION**<br><br>**NOTE ON MOTION CALENDAR:**<br>Friday, April 4, 2014 |

I, Tod L. Gamlen, hereby declare as follows:

1. I am an attorney with Baker & McKenzie, LLP, and currently one of the counsel of record herein for the defendant MtGox KK. I am duly admitted to practice before the courts of the State of California and have been admitted *pro haec vice* before this Court in this action to represent defendant MtGox KK. I have personal knowledge of the matters set forth in this declaration. If called upon to testify in court, I could competently testify as to the matters declared herein.

2. On March 20, 2014 I executed and had filed the Declaration of Tod L. Gamlen (Dkt. No. 42) ("the March 20 Gamlen Decl.") in support of the present motion to stay the entire action. The March 20 Gamlen Decl. is hereby referred to and incorporated as if set out in full.

*REPLY DECL. OF TOD L. GAMLEN IN SUPPORT OF MOTION TO STAY ENTIRE ACTION - (2:13-cv-00777-MJP) - 1*

515985-v1\PALDMS

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

3. In CoinLab, Inc.'s Response to MtGox KK's Motion to Stay Entire Action (Doc. No. 48) ("CoinLab Response"), CoinLab asserts that MtGox KK "… sought a stay of claims against Tibanne in a class action in Federal Court in Chicago and that request too was denied…". 1:22-24. According to Exhibit 6 of the Declaration of Kristin Malone filed by CoinLab (Doc. No. 48-1), that "class action in Federal Court in Chicago" is the action entitled *Gregory Greene v. MtGox Inc., et al.*, case No. 1:14-cv-01437 (USDC, N.D. Illinois) ("the *Greene* Class Action"). MtGox KK is named as a defendant in that action and I am one of the attorneys of record for MtGox KK in the *Greene* Class Action. The following are facts relating to the *Greene* Class Action and the CoinLab assertion above.

    a. The minute entry which is Exhibit 6 to the Malone Declaration was entered in connection with a motion by plaintiffs in the *Greene* Class Action for a temporary restraining order and preliminary injunction. A hearing was held on that motion in the *Green* Class Action on March 11, 2014 before District Court Judge Gary Feinerman. Myself and two other partners from Baker & McKenzie, John Murphy and John Mitchell, attended that hearing on behalf of MtGox KK and no other defendant. No other defendant appeared at that hearing, either through counsel or otherwise.

    b. Attached hereto as **EXHIBIT 13** is a true and correct copy of pages 1-5, 9, 22 and 32 of the transcript from that March 11 hearing. The purpose of our appearance was to make sure that Judge Feinerman was aware of the March 10, 2014 order ("the March 10 Order") of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division ("Texas Bankruptcy Court") in the Chapter 15 proceeding filed by MtGox KK; in that March 10 Order, a copy of which is attached as **EXHIBIT 8** to the March 20 Gamlen Decl., the Texas Bankruptcy Court ordered, among other things, that the stay of section 362 of the U.S. Bankruptcy Code is applicable to MtGox KK and its assets.

    c. At that hearing, neither MtGox KK, its counsel, nor any party moved or requested that the Court in the *Greene* Class Action extend the stay of section 362 to Tibanne KK

*REPLY DECL. OF TOD L. GAMLEN IN SUPPORT OF MOTION TO STAY ENTIRE ACTION - (2:13-cv-00777-MJP) - 2*
515985-v1\PALDMS

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

or any other defendant in the *Greene* Class Action. At that hearing, neither MtGox KK, its counsel, nor any party moved or requested that the court in the *Greene* Class Action stay the entire action in light of the bankruptcy of MtGox KK. Those issues were not raised at the March 11 hearing before Judge Feinerman, and the Court made no ruling on such issues.

   4. In the CoinLab Response at 1:12-15, CoinLab asserts that "[D]uring discovery in this litigation, Defendants have continued the same pattern, obscuring the details of their operations, corporate relationships, and business data, going as far as to present a Rule 30(b)(6) corporate representative of MtGox who is not even employed by the company." During the course of this litigation MtGox KK and Tibanne KK have provided substantial discovery to CoinLab; and, at no time has CoinLab or its counsel stated that in providing such discovery the Defendants have obscured the details of Defendants' operations, corporate relationships and business data. This has included the following:

   a. Pursuant to two requests for production of documents, Defendants have produced 2,537 documents. Such documents have included over 1,900 emails and several reports from the MtGox KK database. The MtGox KK customer database maintains information about all MtGox KK customers worldwide and is not limited to just U.S. and Canadian customers. Among other things, on February 15, 2014 our office produced one such database report which sets forth the trades of all customers in the database identified as U.S. or Canadian customers between November 22, 2012 and November 30, 2013.

   b. MtGox KK has responded to all 21 interrogatories served by CoinLab.

   c. Tibanne KK has responded to all 23 interrogatories served on it by CoinLab.

   d. MtGox KK produced a Rule 30(b)(6) witness Gonzague Gay-Bouchery for deposition in Taiwan on January 21-22, 2014. Such witness was produced in Taiwan pursuant to an agreement of counsel that allowed CoinLab to take such depositions in Taiwan as opposed to Japan, thus eliminating the logistical problems, delays and expense involved in taking depositions

*REPLY DECL. OF TOD L. GAMLEN IN SUPPORT OF MOTION TO STAY ENTIRE ACTION - (2:13-cv-00777-MJP) - 3*
515985-v1\PALDMS

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1 in Japan.

2     5. I was present at the deposition on January 21 and 22, 2014 of the Rule 30(b)(6) designee of MtGox KK in Taipei, Taiwan referred to above. The person designated by MtGox KK as the Rule 30(b)(6) witness was Gonzague Gay-Bouchery. While Mr. Gay-Bouchery was technically an employee of Tibanne KK, we believed he had the most direct knowledge on several of the topics listed in the CoinLab Rule 30(b)(6) deposition notice. Among other things, the emails produced in this litigation demonstrate that he had the most contact with CoinLab during both the period between May 2012 and November 22, 2012 when the parties were negotiating the Agreement at issue in this litigation and the period of November 22, 2012 to March 2013 when the parties were attempting to implement such Agreement. In addition, Mark Karpeles was present at the deposition and available in the event that Mr. Gay-Bouchery was not able to answer any question. At the deposition, Mr. Gay-Bouchery did not know the answers to several questions seeking specific information. However, such questions were noted and either Mr. Gay-Bouchery in later parts of the deposition, or counsel in a follow-up email, thereafter provided responsive information. Prior to the filing of this motion, counsel has never stated that, by the time the deposition was completed and follow-up information provided, he was deprived of information asked of Mr. Gay-Bouchery.

    6. Through discovery it has been determined that Peter Vessenes, the President of CoinLab, actually visited the offices of MtGox KK in the summer or early fall of 2012 and in approximately January 2013 in order to learn about the business and operations of MtGox KK.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 4th day of April, 2014 at Palo Alto, California.

                                             */s/ Tod L. Gamlen*
                                              TOD L. GAMLEN

*REPLY DECL. OF TOD L. GAMLEN IN SUPPORT OF MOTION TO STAY ENTIRE ACTION - (2:13-cv-00777-MJP) - 4*
515985-v1\PALDMS

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of April 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Roger M. Townsend<br>BRESKIN JOHNSON & TOWNSEND PLLC<br>1111 Third Avenue, Suite 2230<br>Seattle, WA 98101<br>Phone: 206-652-8660<br>Fax: 206-652-8290<br>Email: rtownsend@bjtlegal.com | *Attorneys for Plaintiff*<br>*CoinLab, Inc., a Delaware Corporation* |
| Edgar Guy Sargent<br>SUSMAN GODFREY (WA)<br>1201 Third Ave, Suite 3800<br>Seattle, WA 98101<br>Phone: 206-516-3880<br>Email: esargent@susmangodfrey.com | *Attorneys for Plaintiff*<br>*CoinLab, Inc., a Delaware Corporation* |

        s/ Tod L. Gamlen
Tod L. Gamlen
Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 856-2400
Facsimile: (650) 856-9299
Email: Tod.Gamlen@bakermckenzie.com

---

*REPLY DECL. OF TOD L. GAMLEN IN SUPPORT OF MOTION TO STAY ENTIRE ACTION - (2:13-cv-00777-MJP) - 5*

515985-v1\PALDMS

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789