1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  COINLAB INC,                                  CASE NO. C13-777 MJP

11              Plaintiff,                        ORDER STAYING THE ACTION

12       v.

13  MT GOX KK, et al.,

14              Defendants.

15

16       THIS MATTER comes before the Court on Defendant Mt. Gox KK's ("Mt. Gox")

17  Motion to Stay Entire Action.  (Dkt. No. 41.)  Plaintiff CoinLab, Inc. ("CoinLab") opposes the

18  motion, arguing the action against Defendant Tibanne KK ("Tibanne") should proceed.  The

19  Court considered the motion, the response (Dkt. No. 49), the reply (Dkt. No. 54), and all related

20  documents.  The Court GRANTS Mt. Gox's motion in order to provide fairness to all Parties and

21  promote efficiency.

22

23

24

**Background**

This case involves a license agreement between CoinLab and Defendants, Mt. Gox and Tibanne, relating to Bitcoin, a digital currency.  CoinLab is "engaged in the operation and development of Bitcoin and other software and technology products, services and platforms." (Dkt. No. 42-2 at 2.)  Mt. Gox is "a Bitcoin exchange and financial services business."  (Id.) Tibanne is Mt. Gox's parent.  (Dkt. No. 48-3 at 8.)  CoinLab sued Mt. Gox and Tibanne in May 2013, claiming breach of contract, breach of implied duty of good faith and fair dealing, accounting, and restitution.  (Dkt. Nos. 1, 29.)  Mt. Gox and Tibanne jointly filed an answer denying violating the Agreement and allege the Agreement is unenforceable.  (Dkt. Nos. 18, 31.)

The present motion concerns Mt. Gox's recent filing for bankruptcy protection.  In February 2014, it filed for Chapter 15 bankruptcy protection in Tokyo District Court in Japan. (Dkt. No. 42-8.)  It then filed for recognition in the United States Bankruptcy Court for the Northern District of Texas.  (Dkt. No. 37.)  In March 2014, the U.S. bankruptcy court found it had jurisdiction over the matter, and an automatic stay took effect pursuant to section 362 of the Bankruptcy Code.  (Dkt. No. 42-10 at 3; Dkt. No. 37.)  Mt. Gox moves the Court to stay the entire action pending resolution of its bankruptcy petition.  (Dkt. No. 41.)  Defendant Tibanne joins in the motion.  (Dkt. No. 43.)

**Discussion/Analysis**

**A.  Legal Standard**

Under 11 U.S.C. § 362(a), an automatic stay "immediately applies when a debtor files a bankruptcy petition."  Boucher v. Shaw, 572 F.3d 1087, 1092 (9th Cir. 2009).  The automatic stay ensures "claims against the debtor will be brought in" bankruptcy court and "protects the debtor by giving it room to breathe and, thereby, hopefully to reorganize."  Id.

1    Although an automatic stay generally applies only to the debtor, the district court has "the

2    inherent power to control its own docket and calendar." <u>Mediterranean Enter., Inc. v. Ssangyong</u>

3    <u>Corp.</u>, 708 F.2d 1458, 1465 (9th Cir. 1983).  The district court may stay an action "pending

4    resolution of independent proceedings which bear upon the case" if it finds "it is efficient for its

5    own docket and the fairest course for the parties." <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593

6    F.2d 857, 863 (9th Cir. 1979).  Courts weigh the competing interests that would be affected by

7    granting or refusing a stay.  <u>See</u>, <u>e.g.</u>, <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir.

8    2005).  Those competing interests are "the possible damage which may result from the granting

9    of a stay, the hardship or inequity which a party may suffer in being required to go forward, and

10   the orderly course of justice." <u>Id.</u> (internal citations omitted).

11   **B. Staying Entire Action is Fairest Course for Parties and Efficient for the Docket**

12   The Court GRANTS the motion for several reasons.  First, allowing the action to proceed

13   against Tibanne while the case against Mt. Gox is stayed may result in inconsistent obligations

14   for Defendants.  <u>See Lockyer</u>, 398 F.3d at 1110.  CoinLab claims Mt. Gox and Tibanne breached

15   the same provisions in the Agreement and asks for identical relief from both Mt. Gox and

16   Tibanne, suggesting separate actions would only be duplicative.  (Dkt. No. 29.)  In fact, CoinLab

17   does not allege Mt. Gox or Tibanne separately breached any provision of the Agreement.  (<u>Id.</u>)

18   Second, refusing to stay the action in its entirety will unnecessarily burden the docket as the

19   Court will have to preside over two separate actions – the first against Tibanne and the second

20   against Mt. Gox when the automatic stay is lifted – as opposed to one.  Keeping the actions

21   together will simplify the issues, proof, and questions of law before the Court.  <u>See Lockyer</u>, 398

22   F.3d at 1110.  Third, CoinLab has not alleged it will suffer harm if the Court stays the entire

23   action.  (Dkt. No. 48.); <u>see Lockyer</u>, 398 F.3d at 1110.

24

1

**<u>Conclusion</u>**

2    This Court GRANTS Defendants' motion to stay, finding fairness and judicial economy

3    require a stay.  The Parties are required to provide notice to the Court of the status of Mt. Gox's

4    bankruptcy proceeding every 120 days from the date of this Order.

5    Having stayed the action, the Court terminates consideration of CoinLab's motion to

6    compel without ruling on the merits.  (Dkt. No. 38.)  Once the stay is lifted, CoinLab may renew

7    the motion.

8    The clerk is ordered to provide copies of this order to all counsel.

9    Dated April 30, 2014.

10

11

Marsha J. Pechman
12    Chief United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24