1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10    COINLAB INC, Inc.,                          CASE NO. C13-777 MJP

11                      Plaintiff,              ORDER GRANTING PLAINTIFF'S
                                               MOTION FOR RELIEF FROM STAY
12          v.                                 AND TEMPORARY RESTRAINING
                                               ORDER
13    MT GOX KK, a Japanese corporation,
      and TIBANNE KK, a Japanese
14    corporation,

15                      Defendants.

16

17          Plaintiff Coinlab, Inc.'s filed a Motion for Relief from Stay and Temporary Restraining

18    Order against Defendant Tibanne KK. Having considered the complaint, declarations, exhibits,

19    and memorandum of law, filed in support of Plaintiff's motion, any opposing pleadings,

20    declarations, exhibits and memorandum of law filed in response,  as well as any pleadings,

21    declarations, exhibits and memorandum of law filed in reply, the court finds:

22                                          **<u>FINDINGS</u>**

23          1.  There is good cause to believe that immediate and irreparable damage to the Court's

24              ability to grant effective final relief for Plaintiff in the form of damages and monetary

restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendant Tibanne KK of their assets or records, unless Tibanne KK is immediately restrained and enjoined by this order.

2. Weighing the equities, this temporary restraining order ("TRO" or "Order") is in the public interest.

3. Notice of the TRO motion was served in according with Federal Rule of Civil Procedure 65(b) and, to the extent possible, Defendants had notice of these proceedings, for the reasons stated in the pleadings filed in support and opposition to Plaintiff's motion for the TRO.

4. Plaintiff shall post bond in the amount of $5,000 to serve as security for this Order. See, Fed. R. Civ. P. 65(c).  The amount of the bond is subject to revision in light of the magnitude of the Assets frozen by this Order.

**DEFINITIONS**

1. "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, commodities, bitcoins, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, Internet website domain names, and all cash and Fiat Currency wherever located.

2. "Bitcoin" means and refers to the Internet commodity and method of peer-to-peer payments available for purchase on the Internet.  The term "bitcoin" means and refers to individual units of the commodity.

ORDER GRANTING PLAINTIFF'S MOTION FOR
RELIEF FROM STAY AND TEMPORARY
RESTRAINING ORDER- 2

3.   "Document" or "Documents" means and refers to any materials listed in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate Document within the meaning of the term.

4.   "Electronic data host" means and refers to any Person that stores, hosts, or otherwise maintains electronically stored information or computer equipment.

5.   "Fiat currency" means and refers to paper money issued by a government (i.e., U.S. dollars, Swiss francs, Russian ruble, etc.) that may be held on a Bitcoin exchange or in a Member's bitcoin wallet.

6.   "Internet service provider" means a company that provides third parties with access to the Internet.

7.   "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative or any other group or combination acting as an entity.

8.   "Plaintiff's Counsel" means and refers to Breskin Johnson Townsend PLLC, 1000 Second Avenue, Suite 3670, Seattle, Washington 98104.

9.   "The Bitcoin exchange known as Mt. Gox" means the Internet website where persons could buy, sell, convert, and trade their bitcoins and Fiat Currency.

## I.    ASSET PRESERVATION

1.   Defendant Tibanne KK, and its officers, agents, servants, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from directly or indirectly selling,

transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing, or making any other disposition of any assets or interest therein, wherever located in the United States that are owned, controlled or held by, or for the benefit of, in whole or in part, Defendant Tibanne KK, or in the actual or constructive possession of Tibanne KK, other than those assets that are used for actual, ordinary, and necessary business or living expenses that Tibanne KK reasonably incurs.

2. The Assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

3. To the extent that Tibanne KK withdraws, transfers, encumbers, or otherwise dissipates Assets pursuant to Section III(1) of this Order, they shall provide an accounting of their expenses to Plaintiff's Counsel for each calendar month.

## II.   PRESERVATION OF WEBSITE, EXCHANGE DATE, RECORDS AND EQUIPMENT

It is further ORDERED that immediately upon service of this Order upon them, Defendant Tibanne KK, and its officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, and any other Person served with a copy of this Order, shall:

1. Prevent the destruction or erasure of any websites or Internet domain names used by Defendant Tibanne KK for the ownership, design, management, and maintenance of

1     the Bitcoin exchange known as Mt. Gox by preserving such websites in the format in

2     which they were maintained on February 24, 2014, prior to being shut down, and

3     2.  Immediately notify Plaintiff's Counsel of all websites operated or controlled by

4     Defendant Tibanne KK.

5     3.  Defendant Tibanne KK is hereby further temporarily restrained and enjoined from:

6     a.  Failing to create and maintain books, records, accounts, bank statements,

7     current accountants' reports, general ledgers, general journals, cash receipts

8     ledgers, cash disbursements ledgers, and source documents, documents

9     indicating title to real or personal property, and any other data which, in

10     reasonable detail, accurately, fairly, and completely reflect Defendant Tibanne

11     KK's income, and the disbursements, transactions, dispositions, and uses of

12     Defendant's assets;

13     b.  Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise

14     disposing of, in any manner, directly or indirectly, any documents, including

15     electronically stored materials and any data on mobile devices or other

16     equipment used in the ownership, design, management, and maintenance of

17     the Bitcoin exchange known as Mt. Gox, that relate in any way to: the

18     business practices or business or personal finances of Defendant Tibanne KK;

19     the business practices or finances of entities directly or indirectly under the

20     control of Defendant Tibanne KK;

21     c.  Selling, transferring, destroying, damaging, altering, concealing, or otherwise

22     disposing of, in any manner, directly or indirectly, any equipment used in the

23

24

1      ownership, design, management, and maintenance of the Bitcoin exchange

2      known as Mt. Gox; and

3         d.  Creating, operating, or exercising any control over any business entity,

4      whether newly-formed or previously inactive, including any partnership,

5      limited partnership, joint venture, sole proprietorship, or corporation, without

6      first providing Plaintiff's Counsel with a written statement disclosing: (1) the

7      name of the business entity; (2) the address, telephone number, email address,

8      and website address of the business entity; (3) the names of the business

9      entity's officers, directors, principals, managers, and employees; and (4) a

10      description of the business entity's intended activities.

11        **III.   DISTRIBUTION OF ORDER BY DEFENDANTS**

12        **IT IS FURTHER ORDERED** that Counsel for Defendant Mt. Gox KK shall

13 immediately provide a copy of this Order to Defendant Tibanne KK  and to each of Defendant

14 Tibanne KK's officers, agents, partners, successors, assigns, employees, attorneys, agents,

15 representatives, sales entities, sales persons, independent contractors, and any other Persons in

16 active concert or participation with them.  By July 25, 2014, Counsel for Defendant Mt. Gox KK

17 shall serve on Plaintiff's Counsel an affidavit identifying the name, title, address, telephone

18 number, date of service, and manner of service of each Person served with a copy of this Order.

19        **IV.   SERVICE OF ORDER**

20        **IT IS FURTHER ORDERED** that copies of this Order may be served by any means,

21 including facsimile transmission, electronic mail, personal or overnight delivery, or by Priority

22 or Certified U.S. Mail, by agents and employees of Plaintiff's Counsel, by any law enforcement

23

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
RELIEF FROM STAY AND TEMPORARY
RESTRAINING ORDER- 6

1  agency, or by private process server, upon any Person that may have possession or control of any

2  Document of Defendant Tibanne KK, or that may be subject to any provision of this Order.

3  **V.      DURATION OF THE TEMPORARY RESTRAINING ORDER**

4  **IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein

5  shall expire 14 days after the signature date below, unless, within such time, for good cause

6  shown, the Order is extended, or unless, Defendant Tibanne KK consents that it should be

7  extended for a longer period of time.

8

9

10  The clerk is ordered to provide copies of this order to all counsel.

11  Dated this 22nd day of July, 2014.

12

13

14  Marsha J. Pechman
    Chief United States District Judge

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
RELIEF FROM STAY AND TEMPORARY
RESTRAINING ORDER- 7