13-CV-00777-LTR



_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

AUG 11 2014   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
                              DEPUTY

Eric N. Macey
emacey@novackmacey.com

August 11, 2014

<u>**BY OVERNIGHT COURIER**</u>

The Honorable Marsha J. Pechman
United States Courthouse
700 Stewart Street, Suite 14229
Seattle, WA  98101-9906

    Re:    <u>*Coinlab, Inc. v. Mt. Gox KK*</u>, No. 2:13-cv-777-MJP

Dear Judge Pechman:

    This firm is counsel to Tibanne KK ("Tibanne") in connection with a lawsuit pending in the United States District Court for the Northern District of Illinois, captioned *Greene v. MtGox Inc.*, Case No. 1:14-cv-01437 (the "Illinois Action"). We intend to appear promptly as counsel to Tibanne in the above-referenced action as well.

    On August 5, 2014, the Court in the Illinois Action entered the enclosed Order stating, among other things, that "the court expects that defendants in this case who also are defendants in related litigation, including No. 2:13-cv-777-MJP (W.D. Wash.), will inform the courts in the related litigation of any potentially relevant orders, including any TRO, entered in this case." Tibanne is a named Defendant in the Illinois Action. Although Tibanne disputes that it is subject to the jurisdiction of the Court in the Illinois Action, and also disputes that it was properly served in that action, we write to provide this Court with copies of the following Orders entered in the Illinois Action:

- Order Entering Interim Preliminary Injunction and Setting Hearing on Plaintiffs' Motion for Preliminary Injunction, entered April 8, 2014;

- Order Preliminarily Approving Class Action Settlement, Certifying Settlement Class, Approving Procedure and Form of Notice, and Scheduling Final Approval Hearing, entered May 9, 2014;

- Order Granting Stipulated Motion to Stay Proceedings, entered May 9, 2014; and

- Notification of Docket Entry, entered July 8, 2014.

**novack-macey**

The Honorable Marsha J. Pechman
August 8, 2014
Page 2

Please note that, by sending this letter, Tibanne does not intend to, and does not, waive its rights to contest personal jurisdiction and service of process in the Illinois Action, all of which are hereby expressly preserved. Further, by sending this letter Tibanne does not admit that this action is "related" to the Illinois Action for any purpose.

Thank you for the Court's attention to these matters.

Respectfully submitted,

Eric N. Macey

ENM:ogb
Enclosures

copy:   All Counsel of Record (*via e-mail; w/encls.*)

### UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1
### Eastern Division

Gregory Greene, et al.

                            Plaintiff,

v.                                              Case No.: 1:14−cv−01437
                                                Honorable Gary Feinerman

MtGox Inc., et al.

                            Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, August 5, 2014:

     MINUTE entry before the Honorable Gary Feinerman:If any party desires court action on the issue set forth in Plaintiff's 8/4/2014 status report [108], that party should file a motion. Otherwise, the court will assume that no court action is desired or necessary. That said, the court expects that defendants in this case who also are defendants in related litigation, including No. 2:13−cv−777−MJP (W.D. Wash.), will inform the courts in the related litigation of any potentially relevant orders, including any TRO, entered in this case. Likewise, the court expects to be informed of any potentially relevant orders entered in the other litigation.Mailed notice.(jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GREGORY GREENE and JOSEPH LACK,
individually and on behalf of all others
similarly situated,

        *Plaintiffs*,

v.

MTGOX INC., a Delaware corporation, MT.
GOX KK, a Japanese corporation, TIBANNE
KK, a Japanese corporation, MT. GOX
NORTH AMERICA, INC., a New York
corporation, MIZUHO BANK, LTD., a
Japanese financial institution, MARK
KARPELES, an individual, GONZAGUE
GAY-BOUCHERY, an individual, JED
MCCALEB, an individual, and JOHN DOE
DEFENDANTS,

        *Defendants*.

Case 14 C 1437

Hon. Gary Feinerman

Magistrate Judge Susan Cox

## ORDER ENTERING INTERMIM PRELIMINARY INJUNCTION AND <u>SETTING HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION</u>

Plaintiffs Gregory Greene and Joseph Lack ("Plaintiffs") having filed a Motion to Extend

Temporary Restraining Order ("Motion to Extend TRO") (Dkt. 49) originally entered March 11,

2014 (and as extended on March 20, 2014 to April 8, 2014) (the "TRO"), and for the reasons

stated on the record, the Court hereby extends the TRO, converting the same to an interim

preliminary injunction, until the Court is able to hear and decide Plaintiffs' Motion for a

Preliminary Injunction. Accordingly, and for the reasons set forth below, an interim preliminary

injunction is issued against Defendants Mark Karpeles, Tibanne KK, Mt. Gox Inc., Mt. Gox

North America, Inc., and Gonzague Gay-Bouchery (the "Mt. Gox Defendants" or "Defendants")

and converted to a preliminary injunction pending the Court's decision on the merits as to whether a preliminary injunction should issue for the duration of this litigation.[1]

## FINDINGS

1.      Rule 65(d) requires both a TRO and a preliminary injunction to "state the reasons why it issued." Rule 52(a)(2) requires a statement of findings of fact and conclusions of law for decisions granting or refusing an "interlocutory injunction."

2.      On March 11, 2014, this Court granted in part and denied in part Plaintiff's Motion for a Temporary Restraining Order and for Other Relief. Specifically, the Court entered a stay as to Mt. Gox KK based upon provisional relief ordered by the Bankruptcy Court for the Northern District of Texas on March 10, 2014 (*In re Mt.Gox*, 14-31229-sgj15). The Court granted Plaintiff's motion for a TRO against the Defendants, while denying the remainder of the motion (which also sought a preliminary injunction) without prejudice.

3.      This Court had jurisdiction over the subject matter of this case for the purpose of entering the TRO. Notwithstanding Defendants Karpeles and Tibanne's jurisdictional objections, for which a briefing schedule has been set (Dkt. 59), the Court further finds that it has jurisdiction to issue an interim preliminary injunction pending a hearing and decision on such jurisdictional objections and Plaintiffs' Motion for a Preliminary Injunction filed April 8, 2014. (Dkt. 56.)

4.      For the purposes of issuing an interim preliminary injunction, venue lies properly with this Court.

---

[1]      As all proceedings are presently stayed, no TRO or preliminary injunction is entered with respect to the debtor entity, Mt. Gox KK. Further, no TRO or preliminary injunction is entered with respect to the assets of Mizuho Bank, Ltd. or Jed McCaleb. However, this Order's provisions regarding expedited discovery and preserving the Mt.Gox Defendants' assets in the United States shall apply to Mizuho Bank and McCaleb to the extent any such discovery is pursued or assets are being held.

5.      As found with respect to the TRO, as explained on the record both through the Court's TRO Order (Dkt. 33) and in open court, and as otherwise found herein, Plaintiffs have demonstrated a probable likelihood of success on the merits with respect to their claims against the Defendants under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, common law fraud, for an accounting, and for claims of negligence and conversion related to Defendants' provision or management of the Bitcoin exchange known as Mt. Gox. The pleadings, as set forth in the *Corrected* First Amended Complaint (Dkt. 37), and which have not been controverted at this time, allege that the Mt. Gox defendants breached their agreements with exchange members and caused the loss of exchange member bitcoins and Fiat Currency. Further, public reports and other public filings, including Mt. Gox's "Commencement for Civil Rehabilitation" in Japan and its Chapter 15 Petition for Recognition in the Northern District of Texas acknowledge that the exchange members' bitcoins and Fiat Currency have been lost and are presently unaccounted for, that the exchange has been taken offline, that exchange members cannot access their bitcoins or Fiat Currency, and that an examiner in Japan is presently investigating and considering whether Mt. Gox KK will go into rehabilitation or liquidation.

6.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by the Defendants of their assets or records unless the Defendants are immediately restrained and enjoined by order of this Court. The Plaintiffs set forth equitable claims and the Defendants will likely be unable to satisfy a complete judgment. Mt. Gox KK has filed for bankruptcy protection and has had a stay entered in its favor. Therefore, there is good cause for continuing the entry of

the order preserving the Defendants' assets and prohibiting the Defendants from destroying records.

7.     Weighing the equities and the balance of harm, and considering the Plaintiffs' probable likelihood of ultimate success, extending the TRO while the Court considers the merits of Plaintiffs' Motion for a Preliminary Injunction and Defendants Karpeles and Tibanne KK's jurisdictional objections is in the public interest. The harm to the Plaintiffs in being unable to have a judgment satisfied outweighs the harm to the Defendants. Defendants Karpeles and Tibanne KK have claimed through their attorneys they are 99% sure that any assets in the United States have been seized by the Department of Homeland Security. The continued preservation of such assets or other assets in the United States will not cause undue harm to the Defendants.

8.     The Court finds that, pursuant to Rule 65(a), the parties bound by this Order were provided with sufficient notice. The Court previously found that notice of the Motion for TRO and Preliminary Injunction was served in accordance with Federal Rule of Civil Procedure 65(b) and Defendants, whose attorneys at Baker & McKenzie (on behalf of Mt. Gox KK only) appeared before the Court for the TRO on March 11, 2014, as well as through Novack and Macey LLP (on behalf of Tibanne KK and Karpeles only) for the presentment hearing on the instant Motion to Extend TRO, had notice of these proceedings as stated on the record.

9.     The Court finds that Plaintiff has already posted bond in the amount of $5,000 to serve as security for the TRO and that this bond is sufficient for the interim preliminary injunction. *See* Fed. R. Civ. P. 65(c)

## DEFINITIONS

1.     "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment,"

4

"fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, commodities, bitcoins, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash and Fiat Currency, in the United States.

     2.    "Bitcoin" means and refers to the internet commodity and method of peer-to-peer payment available for purchase on the Internet. "Bitcoins" mean and refer to individual units of the commodity.

     3.    "Document" or "Documents" means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or non-identical copy is a separate Document within the meaning of the term.

     4.    "Electronic data host" means any person or entity that stores, hosts, or otherwise maintains electronically stored information or computer equipment.

     5.    "Fiat Currency" means and refers to paper money issued by a government (ie., U.S. dollars, Swiss francs, Russian ruble etc.) that may be held on a Bitcoin exchange or in a Members' bitcoin wallet or bitcoin address.

     8.    "Internet service provider" means a company that provides third parties with access to the Internet.

     9.    "Mt. Gox," "Defendants," or "Mt. Gox Defendants" means and refers to the Defendants covered by this order (Karpeles, Tibanne KK, Mt. Gox Inc., Mt. Gox North America, Inc., and Gonzague Gay-Bouchery) collectively. "Defendants" as used herein shall not refer to

Mt. Gox KK, against which all proceedings have been stayed in light of the Chapter 15 proceeding commenced by Mt. Gox KK in the Northern District of Texas.

10.     "Mark Karpeles" means and refers to Mark Karpeles, head of Mt. Gox and 100% owner of Tibanne KK, Mt.Gox KK's parent company.

11.     "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

12.     "Plaintiffs" means Gregory Greene and Joseph Lack.

13.     "Plaintiffs' Counsel" means Edelson PC, attn. Jay Edelson, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654.

14.     "The Bitcoin exchange known as Mt. Gox" means and refers to the Internet website where Class Members could buy, sell, convert, and trade their bitcoins and Fiat Currency.

## I. ASSET PRESERVATION

**IT IS HEREBY ORDERED** that:

A.     Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from directly or indirectly selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing or making any other disposition of any assets or any interest therein, wherever located in the United States that are owned, controlled or held by, or for the benefit of, in whole or in part, Defendants,

6

or in the actual or constructive possession of Defendants, other than those assets that are used for actual, ordinary, and necessary business or living expenses that Defendants reasonably incur.

     B.     The assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

     C.     To the extent that Defendants withdraw, transfer, encumber, or otherwise dissipate assets pursuant to Section I.A of this Order, they shall provide an accounting of their expenses to Plaintiffs' Counsel for each calendar month.

## II. PRESERVATION OF WEBSITE, EXCHANGE DATA, RECORDS AND EQUIPMENT; REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that immediately upon service of this Order upon them, Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, and any other person or entity served with a copy of this Order, shall

     A.     Prevent the destruction or erasure of any website used by Defendants for the ownership, design, management, and maintenance of the Bitcoin exchange known as Mt. Gox by preserving such websites in the format in which they were maintained on February 24, 2014 prior to being shut down;

     B.     Immediately notify Plaintiffs' Counsel of all websites operated or controlled by Defendants.

Such entities and persons are hereby further temporarily restrained and enjoined from:

     C.     Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements

7

ledgers and source documents, documents indicating title to real or personal property, and any

other data which, in reasonable detail, accurately, fairly, and completely reflect Defendants'

income, and the disbursements, transactions, dispositions, and uses of Defendants' assets;

D.       Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise

disposing of, in any manner, directly or indirectly, any documents, including electronically-

stored materials and any data on mobile devices or other equipment used in the ownership,

design, management, and maintenance of the Bitcoin exchange known as Mt. Gox, that relate in

any way to: the business practices or business or personal finances of Defendants; the business

practices or finances of entities directly or indirectly under the control of Defendants; or the

business practices or finances of entities directly or indirectly under common control with any

other Defendant;

E.       Selling, transferring, destroying, damaging, altering, concealing, or otherwise

disposing of, in any manner, directly or indirectly, any equipment used in the ownership, design,

management, and maintenance of the Bitcoin exchange known as Mt. Gox; and

F.       Creating, operating, or exercising any control over any business entity, whether

newly-formed or previously inactive, including any partnership, limited partnership, joint

venture, sole proprietorship, or corporation, without first providing lawyers for the Plaintiffs with

a written statement disclosing: (1) the name of the business entity; (2) the address, telephone

number, e-mail address, and website address of the business entity; and (3) a description of the

business entity's intended activities.

### III. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that in accordance with Federal Rules of Civil Procedure

30(a), 31(a), 33, 34, 36, and 45, and notwithstanding the provisions of Federal Rules of Civil

Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), and without prejudice to any objections, the Plaintiff is granted leave, at any time after entry of this Order to:

      A.     Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries, whether or not located in the United States; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

      B.     Demand the production of Documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries whether or not located in the United States; the nature and location of documents reflecting the business transactions of Defendants and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.; and

      C.     Propound Interrogatories on any person whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries whether or not located in the United States; the nature and location of documents reflecting the business transactions of Defendants and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

D.    Serve requests for admission on any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries whether or not located in the United States; the nature and location of documents reflecting the business transactions of Defendants and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action. Six (6) days notice shall be deemed sufficient for any such deposition, ten (10) days notice shall be deemed sufficient for the production of any such documents, forty-eight (48) hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data, ten (10) days shall be deemed sufficient for answers to interrogatories, and twenty (20) days shall be deemed sufficient for answering requests for admission.

The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken in accordance with this Section. Any such discovery undertaken pursuant to this Section shall not be counted toward any limit on the number of requests for documents, depositions, interrogatories, or requests for admission under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Northern District of Illinois. Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section V of this Order. Any party or non-party may move for a protective order under Federal Rule of Civil Procedure 26(c) or move to quash or modify a

subpoena under Federal Rule of Civil Procedure 45(c) to seek relief from any discovery requests served or subpoenas issued under the authority of this Section.

## IV. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, independent contractors, and any other persons in active concert or participation with them. Within ten (10) calendar days from the date of entry of this Order, each Defendant shall serve on Plaintiffs' Counsel an affidavit identifying the name, title, address, telephone number, date of service, and manner of service of each person or entity Defendants served with a copy of this Order in compliance with this provision.

## V. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail, personal or overnight delivery, or by U.S. Mail, by agents and employees of Plaintiffs' Counsel, by any law enforcement agency, or by private process server, upon any person that may have possession or control of any document of Defendants, or that may be subject to any provision of this Order.

## VI. CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer or credit report concerning any Defendant to Plaintiffs' Counsel.

## VII. DURATION OF THE EXTENDED TEMPORARY RESTRAINING ORDER/HEARING ON PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that the TRO extended as set forth herein shall remain in effect until the Court is able to hear and decide Plaintiffs' Motion for Preliminary Injunction and Defendants' jurisdictional objections, unless the Defendants consent that it should be extended for a longer period of time. The Court reiterates that it has entered this Order without the benefit of any argument in opposition or contrary presentation of evidence. If any parties bound by this Order wish to contest it prior to its natural expiration, the Court encourages any of them—to the extent any desire to do so—to bring a motion to vacate this Order to the Court's attention for hearing and consideration. The briefing schedule and hearing on Plaintiffs' Motion for Preliminary Injunction will be set at some future status hearing.

## VIII. CORRESPONDENCE WITH AND NOTICE TO PLAINTIFFS

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Plaintiffs shall be addressed to:

> Jay Edelson
> Edelson PC
> 350 North LaSalle St. Ste. 1300
> Chicago, Illinois 60654
> (312) 589-6375 [Telephone]
> (312) 589-6378 [Facsimile]
> jedelson@edelson.com

## IX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction on this matter for all purposes.

April 8, 2014

_____

United States District Judge

Gary Feinerman

12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY GREENE and JOSEPH LACK,
individually and on behalf of all others
similarly situated,

                 *Plaintiffs,*

v.

MTGOX INC., a Delaware corporation, MT.
GOX KK, a Japanese corporation, TIBANNE
KK, a Japanese corporation, MT. GOX
NORTH AMERICA, INC., a New York
corporation, MIZUHO BANK, LTD., a
Japanese financial institution, MARK
KARPELES, an individual, GONZAGUE
GAY-BOUCHERY, an individual, JED
MCCALEB, an individual, and JOHN DOE
DEFENDANTS,

                 *Defendants.*

No. 14 C 1437

Judge Gary Feinerman

Magistrate Judge Susan Cox

---

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING PROCEDURE
AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter having come before the Court on the motion for preliminary approval (the

"Motion for Preliminary Approval") of a proposed class action settlement of the above-captioned

matter (the "Action") between Plaintiffs Gregory Greene, Joseph Lack, and the Settlement Class

(as defined herein and together with Greene and Lack the "Plaintiffs"), Defendants Jed McCaleb

and Gonzague Gay-Bouchery (together, "Settling Defendants"), and Sunlot Holdings Limited

("Sunlot") (Plaintiffs, Sunlot, and the Settling Defendants are collectively referred to as the

"Parties"), pursuant to the Parties' Stipulation of Partial Class Action Settlement (the "Settlement

1

Agreement" or "Settlement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.     Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Settlement Agreement.

2.     The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement (a) has been negotiated in good faith at arm's-length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of Wayne Andersen of JAMS as mediator; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Settling Defendants or any other parties.

**Settlement Class Certification**

3.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

> All Persons in the United States and its territories who had bitcoins or Fiat Currency stored with the Mt. Gox Exchange on February 24, 2014.

The following entities and individual, however, are excluded from the Settlement Class:

> (1) MTGOX, Inc., Mt. Gox KK, Tibanne KK, Mt. Gox North America, Inc., Mizuho Bank, Ltd., Mark Karpeles, and any entity in which their parents have a controlling interest and their current and former employees, officers, and

2

directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) Persons who execute and file a timely request for exclusion, (4) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims, and (5) the Settling Defendants.

4.      For settlement purposes only, the Court hereby appoints Greene and Lack as Class Representatives and Jay Edelson of Edelson PC as Class Counsel. The Court finds that Class Counsel is competent and capable and that Class Representatives will fairly and adequately protect the interests of the Settlement Class. The Court thus finds that Class Counsel and Class Representatives have the full power and authority to act on behalf of the Settlement Class in all manners consistent with the Settlement Agreement including, but not limited to, the power and authority to: (i) present the Mt. Gox Rehabilitation Plan to the Japanese Bankruptcy Court and/or Texas Bankruptcy Court; (ii) request that the Japanese Bankruptcy Court release to the Settlement Administrator and Class Counsel a list of all names, telephone numbers, U.S. Mail Addresses, and email addresses associated with each member of the Settlement Class registered with the Mt. Gox Exchange; (iii) and represent the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

5.      The Court finds, subject to the Final Approval Hearing referred to in Paragraph 14 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**Notice and Administration**

6.      The Court approves the proposed Notice Plan for giving direct notice to the Settlement Class by U.S. Mail and E-Mail, and for giving publication notice via press release, Internet publication, and advertisement in *Investors Business Daily*, as set forth in the Settlement

3

Agreement and Exhibits A and B thereto. The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise the members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Court directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan in accordance with the terms of the Settlement Agreement by no later than the Notice Date (*i.e.*, no later than twenty-eight (28) days after receipt of the Class List from the Japanese Bankruptcy Court).

7.     Pursuant to the Settlement Agreement, Epiq Systems, Inc. is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8.     Pursuant to paragraph 4.2 of the Settlement Agreement, the Settlement Administrator shall provide Notice by First Class U.S. Mail and email to each address and email address on the Class List no later than twenty-eight (28) days after receipt of the Class List from the Japanese Bankruptcy Court, which shall be the "Notice Date." The Settlement Administrator or Class Counsel shall further distribute a press release to local, national, and syndicated news organizations discussing the terms of the Settlement Agreement that in no way disparages the Settling Defendants. The Settlement Administrator shall likewise provide Notice via Internet Publication on an agreed-upon settlement website, as well as effectuate Publication Notice through a one-time 1/8 page advertisement in *Investors Business Daily*. The Settlement Administrator shall also provide CAFA Notice, pursuant to 28 U.S.C. § 1715, to the Attorneys

4

General of each U.S. State, the Attorney General of the United States, and other required

government officials, giving notice of the proposed settlement no later than ten days after the

Agreement is filed with the Court.

**Exclusion**

9.       All persons who meet the definition of the Settlement Class and who wish to

exclude themselves from the Settlement Class must submit their request for exclusion in writing,

identifying the case name *Greene v. MtGox Inc. et al*, No. 14 C 1437, stating their name and

address, and providing the username and email associated with their Mt. Gox Exchange

account(s).  The request for exclusion must also contain a statement that he/she/it wishes to be

excluded from the Settlement Class for purposes of this Settlement and must be personally

signed by the Settlement Class member requesting exclusion.  The request must be mailed to the

Settlement Administrator at the address provided in the notice and postmarked no later than the

Objection / Exclusion Deadline, which shall be set as forty-five days after the Notice Date. A

request for exclusion that does not include all of the foregoing information, that is sent to an

address other than the one designated in the Notice, or that is not postmarked within the time

specified, shall be invalid and any person(s) serving such a request shall be deemed a member of

the Settlement Class, and shall be bound as a Settlement Class Member(s) by the Settlement.

10.       Members of the Settlement Class who exclude themselves from the Settlement

Agreement will relinquish their rights to benefits under the Settlement Agreement and will not

release their claims. However, members of the Settlement Class who fail to submit a valid and

timely request for exclusion shall be bound by all terms of the Settlement Agreement and the

Final Judgment, regardless of whether they have requested exclusion from the Settlement

Agreement.

**Objections**

      11.    Any member of the Settlement Class may comment in support of or in opposition to the Settlement; provided, however, that all comments and objections must be filed with the Court prior to the Final Approval Hearing. A Settlement Class Member who objects to the Settlement need not appear at the Final Approval Hearing for his, her or its comment to be considered by the Court; however, all papers, briefs, pleadings, or other documents that any objector would like the Court to consider ("Objections") must be filed with the Court no later than the Objection / Exclusion Deadline of forty-five days after the Notice Date. All Objections shall include: (i) the Settlement Class Member's full name and address; (ii) a signed statement that he or she believes himself or herself to be a member of the Settlement Class; (iii) the username and email associated with the Settlement Class Member's Mt. Gox Exchange account; (iv) all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); and (v) a statement indicating whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing with or without counsel. Any objection made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system. At least fourteen (14) days prior to the Objection / Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website.

      12.    Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing as prescribed herein shall be deemed to have waived his, her, or its objections and forever be barred from making any such objections in this Action or in any other action or proceeding. If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses in accordance with the deadline and procedure set

6

forth in the Notice, and the Settlement Class Member is not granted relief by the Court, such Settlement Class Member will be deemed to have waived his, her, or its right to be heard at the Final Approval Hearing.

**Final Approval Hearing**

13.     This matter has been set for status on July 8, 2014 at which time the Court shall, unless otherwise notified of the Notice Date by the parties, confirm the date for the Final Approval Hearing to be held before this Court in Courtroom 2125 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; and (c) whether to approve Class Counsel's application for attorneys' fees and expenses, and in what amount. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class, but any changes will posted to the settlement website.

14.     Papers in support of final approval of the Settlement Agreement and in response to any objections shall be filed with the Court at least fourteen days prior to the Final Approval Hearing.

**Further Matters**

15.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an

7

admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Settling Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

16.    The Action (including any motions, discovery, or other pleadings) shall be stayed as to the Settling Defendants and held in abeyance pending further order of the Court.

17.    The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Settling Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

May 9, 2014

_____
United States District Judge

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GREENE and JOSEPH LACK, individually and on behalf of all others similarly situated,<br><br>           *Plaintiffs,*<br><br>v.<br><br>MTGOX INC., a Delaware corporation, MT. GOX KK, a Japanese corporation, TIBANNE KK, a Japanese corporation, MT. GOX NORTH AMERICA, INC., a New York corporation, MIZUHO BANK, LTD., a Japanese financial institution, MARK KARPELES, an individual, GONZAGUE GAY-BOUCHERY, an individual, JED MCCALEB, an individual, and JOHN DOE DEFENDANTS,<br><br>           *Defendants.* | No. 14 C 1437<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Susan Cox |

## ORDER GRANTING
## STIPULATED MOTION TO STAY PROCEEDINGS

THIS MATTER having come before the Court on the Stipulated Motion to Stay

Proceedings submitted by Plaintiffs Gregory Greene and Joseph Lack (the "Plaintiffs") and

Defendants Mark Karpeles, and Tibanne KK, and joined without objection on the oral motion of

Mizuho Bank, Ltd. (together, the "Stipulating Parties"), and being duly advised in the premises,

it is hereby ORDERED as follows:

    1.    The Stipulated Motion to Stay is GRANTED;

    2.    The litigation as against Karpeles, Tibanne KK, and Mizuho Bank is hereby

stayed pending the earlier of: (a) this Court's failure to grant preliminary or final approval of

Plaintiffs' Proposed Settlement; (b) any rejection of or material failure to implement the Mt. Gox

Rehabilitation Plan (the "Plan") by the Japanese bankruptcy court and/or officials, as set forth in the Addendum to Plaintiffs' Proposed Settlement, (Dkt. 79-2, Ex. A); or (c) any official decision by "New Gox" (as defined in the Plan) to not independently pursue claims that overlap with Plaintiffs' claims in this litigation, (*see* Dkt. 79 § 2.3(a); Dkt. 79-2, Ex. A ("Recovery Commitments," ¶ 1));

3.    Plaintiffs, Karpeles, Tibanne KK, and/or Mizuho Bank may move at any time to lift the proposed litigation stay for good cause shown and, where any such motion is made, the non-moving party or parties may oppose lifting the stay;

4.    Karpeles and Tibanne have withdrawn their objection to Plaintiff's Motion for Preliminary Approval without waiver of any right(s) they may have to later object to the Proposed Settlement and/or the Plan in this or any other appropriate forum, including, without limitation, the Japanese bankruptcy court;

5.    By withdrawing their objection to the Motion, neither Karpeles nor Tibanne express any opinion as to the merits of the Motion, and the withdrawal of the objection will not be otherwise used against them in this litigation in any manner, including, without limitation, with respect to any defenses or motions they may assert based on lack of personal jurisdiction or inadequate service of process.

May 9, 2014

_____

*United States District Judge*

2

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1
### Eastern Division

Gregory Greene, et al.

                Plaintiff,

v.

                                                   Case No.: 1:14−cv−01437

                                                   Honorable Gary Feinerman

MtGox Inc., et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, July 8, 2014:

      MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 8/21/2014 at 9:15 a.m. In light of the suggestion of bankruptcy [106], this case is stayed as to Mt. Gox Co., Ltd., a/k/a MtGox KK, until further order of court.Mailed notice.(jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*