Honorable Marsha J. Pechman

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COINLAB, INC., a Delaware Corporation | NO. 2:13-cv-777-MJP |
| Plaintiff, | PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| Mt. GOX KK, a Japanese corporation, and TIBANNE KK, a Japanese corporation. | Note for Motion: January 29, 2015 |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff CoinLab, Inc. (CoinLab) moves that the Court enter a temporary restraining order (TRO) enjoining Defendant Tibanne KK (Tibanne) from dissipating its assets in the United States in an attempt to render itself judgment-proof. Tibanne has a demonstrated history in this Court and others of skirting the authority of United States Courts, including attempting to liquidate Tibanne while CoinLab's claims are pending, failing to comply with the requirements of this Court's prior TROs.  Now, CoinLab has learned that Tibanne imminently intends to sell its domain, 'bitcoins.com,' *see* Declaration of Peter Vessenes, which may represent a significant portion of its assets. The sale of Tibanne's assets would immediately and irreparably harm

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 1
(NO. 2:13-CV-777-MJP)

CoinLab. If Tibanne is permitted to liquidate its assets outside the protections of bankruptcy, then it will render itself judgment-proof and effectively prevent CoinLab from ever obtaining relief for the claims it brings in this litigation.

## II.    FACTS AND PROCEDURAL BACKGROUND

The court is familiar with the history of the present litigation and the previous entry of the Temporary Restraining Order.  Briefly, CoinLab brought suit against Defendants MtGox and Tibanne, Japanese corporations, for breach of an agreement giving CoinLab an exclusive license to use Defendants' software and other intellectual property in providing digital currency exchange services in the U.S. and Canada.  Dkt. #1. Prior to filing for bankruptcy protection, MtGox was a Bitcoin exchange and financial services business. *Id*. Tibanne is MtGox's parent corporation and owns 88 percent of MtGox.  Dkt. # 88 (Exhibit A).

MtGox – but <u>not</u> Tibanne – filed for bankruptcy protection in Japan and then filed for recognition in the U.S. Bankruptcy Court for the Northern District of Texas pursuant to Chapter 15 of the US Bankruptcy Code.  Dkt. ## 42-8; 37.  The bankruptcy court in Texas concluded that it had jurisdiction over the MtGox bankruptcy and an automatic stay of all United States litigation against MtGox took effect pursuant to section 362 of the Bankruptcy Code.  Dkt. #42-10 at 3; Dkt. #37.  MtGox then moved for a stay of litigation against Tibanne, which was granted on April 30, 2014.  Dkt. #62. The court ordered that Tibanne secure counsel with 30 days or face sanctions. Concurrently with the stay, the Court permitted Baker Mackenzie to withdraw on behalf of MtGox and Tibanne, and ordered that Tibanne obtain new counsel within 30 days or face sanctions. Dkt. # 61. No counsel appeared on behalf of Tibanne until August 11, 2014.  Dkt. #76.

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 2
(NO. 2:13-CV-777-MJP)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

Temporary Restraining Orders

2

When Tibanne publicly announced its intent to dissipate valuable assets,

3

including selling off the valuable domain name "bitcoins.com," CoinLab filed a Motion

4

for a Temporary Restraining Order.  Dkt. ## 65-67.  On July 22, 2014, the court

5

granted relief from the stay and entered a TRO imposing notice requirements on both

6

defendants, requiring preservation of assets, and imposing other restrictions to prevent

7

Tibanne from rendering itself judgment-proof and effectively outside the authority of

8

this court.  Dkt. #69.

9

The CEO of Tibanne personally acknowledged receipt of the Motion and TRO,

10

but made no apparent effort to comply.  Dkt. ## 73-1, 73-2.  News reports subsequent

11

to the entry of the TRO indicated that Tibanne elected to proceed with the sale of its

12

domain names privately, rather than through public auction. Given these

13

developments, CoinLab moved to extend the TRO on August 4. Dkt. # 74. Tibanne

14

again did not appear and the court extended the TRO until August 19. Dkt. #75.  The

15

court further ordered a show cause hearing and required counsel for the parties to

16

appear in person in court on Tuesday, August 12. Tibanne moved for a continuance on

17

August 11, but declined to stipulate to a commensurate extension of the TRO.  Dkt.

18

#77, 81.  The court continued the show cause hearing to Thursday, August 14.

19

At the August 14 show cause hearing, Tibanne was represented by Lance

20

Reich from the Miller Nash firm.  MtGox did not appear at the hearing.  Tibanne again

21

declined to stipulate to extending the TRO.  CoinLab moved for a 14-day extension of

22

the TRO, Dkt. # 88, but ultimately withdrew this motion and filed a motion for relief

23

from stay. Dkt. # 97.  The Court granted the motion for relief from stay on October 28,

24

2014, finding CoinLab's claims persuasive that Tibanne is capable of litigating its case

25

26

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 3
(NO. 2:13-CV-777-MJP)

27

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

despite the ongoing Mt. Gox bankruptcy proceedings, and that maintaining the stay would allow Tibanne to continue sell assets for two to three years while Mt. Gox's bankruptcy proceedings were pending. Dk. # 106.

Tibanne's Financial Difficulty and Continued Liquidation of Assets

On December 10, 2014, Tibanne's counsel – Novack and Macey in Illinois, and local counsel Miller Nash – moved to withdraw as counsel due to non-payment of bills by Tibanne. Dkt. # 110.  On January 6, 2015, the Court granted the motion to withdraw and ordered Tibanne to retain new counsel within 30 days. Dkt. # 113. The Court instructed CoinLab to file a motion for entry of default judgment pursuant to Fed. R. Civ. P. 55 if no counsel appears on Tibanne's behalf in this time. *Id.* Presently, no new counsel for Tibanne has appeared and Plaintiffs have heard nothing from Tibanne or any prospective and current counsel. *See* Townsend Decl. at ¶ 2.

At the same time as Tibanne is resuming its ongoing failure to comply with these court proceedings, Tibanne is actively continuing to dissipate its assets. Tibanne owns over 700 domain names and the intellectual property behind the MtGox bitcoin exchange, all of which it is systematically liquidating. Dkt. ## 65, 66-2; *see also* Ex. 4 to Townsend Decl.  CoinLab has recent information that, as of January 26, 2015, Tibanne is actively attempting to sell off its valuable domain name "bitcoins.com." *See* Townsend Decl. at Ex. 1, 2 (demonstrating ownership of bitcoins.com by Tibanne); Ex. 3 (statement on bitcoins.com that "bitcoins.com is for sale"). *See also* Vessenes Declaration at ¶ 3 (offer of sale as of January 26, 2015).  'Bitcoins.com' may represent a significant portion of Tibanne's assets.

If Tibanne is permitted to liquidate its assets outside the protections of bankruptcy, then it will render itself judgment-proof and effectively prevent CoinLab

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 4
(NO. 2:13-CV-777-MJP)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  from ever obtaining relief for the claims it brings in this litigation.

2  **III.   AUTHORITY**

3       Pursuant to Fed. R. Civ. P. 65(b) and Local Civil Rule 65(b), the Court may

4  issue a temporary restraining order without notice where immediate and irreparable

5  injury, loss, or damage will result to the movant before the adverse party can be heard

6  in opposition. Fed. R. Civ. P. 65(b).  A temporary restraining order may be imposed for

7  up to 14 days.  Fed. R. Civ. P. 65(b)(2).  Where a plaintiff can show that the

8  defendants have a history of violating court orders, an ex parte temporary restraining

9  order may be warranted.  *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th

10  Cir. 2006). Even if the Defendant could be reached, if it is "fruitless" to provide such

11  notice, a Rule 65(b) order may issue. *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322

12  (7th Cir. 1984).

13       A temporary restraining order is proper here.  Tibanne is unrepresented by

14  counsel and there is no indication that Tibanne intends to comply with the Court's

15  order to obtain representation by February 5, 2015. *See* Dkt. # 113. Tibanne has a

16  sustained history of skirting the authority of US courts, and Tibanne intends to proceed

17  with the sale of 'Bitcoins.com' without regard to CoinLab's rights.  Moreover, harm to

18  CoinLab is imminent: CoinLab has information that as of January 26, 2015, "the owner

19  of Bitcoins.com is extremely motivated to sell and will consider all offers…"  Vessenes

20  Decl. at ¶ 3.  'Bitcoins.com' may represent a significant portion of Tibanne's assets.[1]

21  Tibanne should not be allowed to effectuate self-help relief by selling its assets while

22  pending claims remain against it in this forum.

23       If the Court allows Tibanne to proceed with the sale of these assets, Tibanne

24  _____

25  [1] Verification of the magnitude of Tibanne's assets is not possible until Tibanne
   complies with the TRO.

26  PLAINTIFF'S MOTION FOR TEMPORARY
   RESTRAINING ORDER - 5
27  (NO. 2:13-CV-777-MJP)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

can prevent CoinLab from obtaining any relief in this lawsuit.  Tibanne rendering itself judgment-proof will irreparably and immediately harm CoinLab by exterminating CoinLab's right to a remedy for MtGox's and Tibanne's breach of its exclusive licensing agreement.  This Court has twice previously acknowledged the propriety of entering an order preventing Tibanne's dissipation of assets.  Dkt. ## 69, 75.   This Court should do so again.

## IV.    CONCLUSION

For the reasons stated above, CoinLab requests that the Court enter a temporary restraining order preventing Tibanne from dissipating its assets for 14 days.

DATED this 29th day of January, 2015

BRESKIN JOHNSON & TOWNSEND PLLC

By:     /s/ Roger M. Townsend_____
        Roger M. Townsend, WSBA No. 25525
        1000 Second Avenue, Suite 3670
        Seattle, WA  98104
        Phone:  206-652-8660
        Facsimile:  206-652-8290
        rtownsend@bjtlegal.com

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 6
(NO. 2:13-CV-777-MJP)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on January 29, 2015 electronically filed the foregoing with

3

the Clerk of the Court using the CM/ECF system which will send notification of such

4

filing to all counsel of record.

5

6                                      /s/ Jamie Telegin
                                        Jamie Telegin, Legal Assistant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   PLAINTIFF'S MOTION FOR TEMPORARY                    BRESKIN | JOHNSON | TOWNSEND PLLC
     RESTRAINING ORDER - 7                               1000 Second Avenue, Suite 3670
27   (NO. 2:13-CV-777-MJP)                               Seattle, Washington 98104  Tel: 206-652-8660